WILLIAM H. LITTELL et al.

v.

THE BOARD OF SUPERVISORS OF VERMILION COUNTY.

*Opinion filed October 25, 1902.*

1. COUNTY BOARDS—*right of county board to determine sufficiency of petition to create a new town.* Although, where a petition, under the act of 1895, (Laws of 1895, p. 319,) to create a new town conforms to all the statutory requirements, the county board has no discretion but to allow it, still the board has power to determine whether the petition is sufficient to give jurisdiction, and must give notice of the presentation of the petition, as provided in the statute, before it can take final action.

2. SAME—*signers may withdraw names from petition to create a new town.* One signing a petition to create a new town under the act of 1895 may withdraw his name at any time before the jurisdiction of the county board has been determined by it, and if sufficient signatures are withdrawn before such time to leave the petition without enough signers, the county board cannot grant it.

APPEAL from the Circuit Court of Vermilion county; the Hon. F. BOOKWALTER, Judge, presiding.

This was a petition in the circuit court of Vermilion county by appellants, against the board of supervisors of that county, to compel it to create a new town under the provisions of section 1 of article 3 of the act of 1895 as amended. (3 Starr & Cur. Stat. p. 3919.) An answer was filed to the petition, and a demurrer thereto by the petitioners was overruled and the petition dismissed. Petitioners prosecute this appeal.

The statute is as follows: "The county board of each county shall have full and complete power and jurisdiction to alter the boundaries of towns, to change town lines, and to divide, enlarge and create new towns, in their respective counties, to suit the convenience of the inhabitants residing therein, and it shall be the duty of the county board to make such alterations of the town boundaries and create a new town whenever in any territory of not less than ten square miles not less than

three-fourths of the voters residing in such territory shall petition for such new town: *Provided, however,* the county board shall give notice thereof by posting up notices in not less than five of the most public places of the town interested, at least sixty days before their final action; also, by publishing such notice at least three times in some newspaper published in the county wherein said towns are situated, if any shall be published therein." The remaining portion of the section relates to incorporated towns, and has no application to the questions involved in this proceeding.

The material facts set up in this petition are, that on March 11, 1901, a petition was presented to the county board by two hundred and twenty-seven legal voters in certain territory in the town of Oakwood, in said county, which by specific allegations is shown to have conformed to the requirements of the foregoing section, asking for the creation of a new township, to be called the town of Fithian; that said board, at its March session of that year, ordered notices to be posted and published as required by the statute, and fixed the June session following for the time of final hearing; that the notices were posted March 28 and publication made more than sixty days prior to the first day of said June session; that proof of these facts was duly made before the board on June 10, 1901, and on the same day seventy-seven of the voters who had signed the petition filed a counter-petition asking that their names be stricken therefrom; that on June 12, 1901, fifty of said seventy-seven filed another paper repudiating their action in withdrawing their names and asking that they remain on the original petition. Twenty-seven still insisted upon their names being withdrawn, and if these were entitled at that time to so withdraw from the petition it was without the requisite three-fourths of the legal voters of the proposed new town. At the September session, 1901, the prayer of the petition was denied.

The present petition for *mandamus* alleges that relators are citizens, tax-payers and signers of the petition for the new township and interested therein, and that the board refuses to act although all steps required by law have been taken, and prays for a writ of *mandamus* to compel the creation of the new town and the necessary steps to that end.   The answer admits the facts alleged in the petition, except it sets up that at the time of filing the withdrawal petition, as therein stated, proof of posting and publishing notices had not been acted upon by the county board, and that the persons seeking to withdraw actually did withdraw their names, leaving the petition without the requisite three-fourths of all the legal voters in the territory, etc., and that therefore the board was without jurisdiction in the premises for want of a sufficient petition.

WINTER & REARICK, for appellants.

J. W. KEESLAR, State's Attorney, C. M. SWALLOW, and E. R. E. KIMBROUGH, for appellee.

Mr. JUSTICE WILKIN delivered the opinion of the court:

The question presented for decision is, whether petitioners for the organization of a new township under the foregoing statute can, after the petition has been presented to the county board, withdraw their names so as to leave it with a less number than that required by the statute, thereby defeating the organization, and if they can do so after the presentation, at what time must they make their application for that purpose.   The position of counsel for appellants is, that when a legal petition is filed the jurisdiction of the board attaches and the power of the petitioners to change it by withdrawing their names ceases.   On the other hand, it is insisted by counsel for appellee that until the final action of the board any of the signers of the petition may have their

names stricken therefrom, and that if a sufficient number shall withdraw to leave less than the requisite statutory number of petitioners, the power of the board to act no longer exists.

The question is one of first impression in this State, and is not altogether free from difficulty. Although we have held that where a petition under this statute conforms to all its requirements the county board has no discretion but must allow it, and may be compelled by *mandamus* to do so, (*Town of Somonauk* v. *People*, 178 Ill. 631,) still the board is invested with the power, in the first instance, to determine whether or not the petition does conform to such requirements, and it must give notice of the presentation of the petition by posting and publication at least sixty days before it can take any final action in the matter. The object of requiring these notices must be to afford parties interested, as petitioners or otherwise, an opportunity to appear at the final hearing and be heard. Our examination of the decisions cited by counsel on either side from other courts on analogous statutes has led us to the conclusion that the act of signing such petitions is not an irrevocable act, and that it may be revoked at any time before the jurisdiction of the body authorized to act has been determined by it. In Elliott on Roads and Streets (2d ed. 332) it is said: "After the board of commissioners, or other tribunal having jurisdiction of the matter, has passed upon the sufficiency of the petition, names cannot be withdrawn therefrom so as to oust the jurisdiction, and the statute may be such as to prevent that result even where an attempt is made to withdraw names before the tribunal has acted upon the petition. But in the absence of any such statutory provision it would seem that names may generally be withdrawn at any time before the tribunal makes its finding or determines the sufficiency of the petition." The last clause of this text is supported by numerous authorities cited in the foot-note.

*Little* v. *Thompson*, 24 Ind. 146, and *Grinnell* v. *Adams*, 34 Ohio St. 44, are relied upon by counsel for appellants, but we do not regard either case as in conflict with the rule announced. In the first of these cases, which was a petition to lay out a public road, it is said: "The facts necessary to give the commissioners jurisdiction in the matter were, first, that the requisite notice of the petition had been given; second, that the petition was signed by twelve freeholders of the county; third, that six of the petitioners were of the immediate neighborhood of the proposed highway." The attempt to withdraw the name was after these jurisdictional facts had been determined and viewers appointed. Elliott, C. J., rendering the opinion of the court, uses this language: "It is not doubted but that any petitioner may withdraw at any time before the question of jurisdiction has been passed upon by the board."

In *Lalonde* v. *Board of Supervisors*, 80 Wis. 380, it was held that under a statute providing that upon the presentation of a petition signed by two-fifths of the legal voters of the county the county board should submit to the voters of the county the question of removal of the county seat, it was held the board might properly take a reasonable time after the filing of the petition to ascertain, by comparison with the poll-lists, whether it has the requisite number of signatures, and that, before final action by the board on such a petition, voters who had signed it might withdraw their names, and if such withdrawal left the petition without the required number of signatures the board would be without jurisdiction to submit the question of removal. To the same effect is *State ex rel.* v. *County Board*, 88 Wis. 355.

In this case the board of supervisors did not determine the sufficiency of the petition and the requisite notice until June 10, 1901. According to the allegations of the answer, which are admitted by the demurrer, prior to that determination the twenty-seven petitioners with-

198—14

drew their names from the petition. No final action was taken by the board until the following September, at which time, under the foregoing authorities, a petition signed by three-fourths of the legal voters of the proposed new town was not before it, and therefore it properly denied the prayer. If all the petitioners had sought to dismiss the petition at any time before final action by the county board it would scarcely be claimed that they would not have had the right to do so. Each petitioner acts on his individual responsibility, and if he should change his mind on the question whether a new township would better serve the convenience of the inhabitants residing therein, or if he should be induced to sign it under a misapprehension or through undue influence, he ought to have the right to correct his mistake, if he does so before the rights of others have attached by the final action on the part of the board. It may be, as suggested by counsel for appellants, that vacillating or designing parties will abuse that privilege; but courts are powerless to prevent, in every case, such abuses. Suits may be, and doubtless sometimes are, brought with the deliberate purpose of dismissing them for some sinister purpose; but that fact cannot argue against the propriety of the general rule, which permits a plaintiff to dismiss his suit at any time before final judgment. To absolutely prohibit a citizen from withdrawing his name from a petition voluntarily signed by him, at any time after it has been presented to a body authorized to act upon it, would be a harsh and unreasonable rule and also liable to work great hardship. Generally, parties act from honest motives, and it is for the protection of the rights of such parties that laws are enacted and construed.

We are satisfied the court below properly dismissed the petition, and its judgment will be affirmed.

*Judgment affirmed.*