FRED W. BOSTON, Plaintiff in Error, *vs.* THE KICKAPOO DRAINAGE DISTRICT, Defendant in Error.

*Opinion filed April 21, 1910.*

1. DRAINAGE—*there must be a hearing on petition to abandon proceedings and abolish district.* The mere presentation to the court of the petition described in section 44 of the Levee act does not, of itself, abolish the district, but there must be a hearing by the court to determine whether the facts exist which authorize the entry of the order.

2. SAME—*time of filing petition to abolish district does not determine status of case.* The time of filing a petition, under section 44 of the Levee act, to abandon proceedings and abolish the district does not determine the status of the case, and parties who signed the petition have a right to withdraw their names before the hearing on such petition.

3. SAME—*the amendment of 1907, precluding withdrawing of names from petition, applies only to petition to organize district.* Section 4 of the Levee act, as amended in 1907, which prohibits signers of the petition from withdrawing their names except by consent of a majority of the other petitioners or in case the signatures were obtained by fraud, applies only to the petition to organize the district.

WRIT OF ERROR to the County Court of McLean county; the Hon. R. A. RUSSELL, Judge, presiding.

D. D. DONAHUE, for plaintiff in error.

WIGHT & ALEXANDER, for defendant in error.

Mr. JUSTICE DUNN delivered the opinion of the court:

Kickapoo Drainage District was organized under the Levee act by an order of the county court of McLean county on October 1, 1908. On October 1, 1909, a petition was filed praying that the whole system of proposed work might be abandoned and the district abolished. This writ of error is prosecuted to reverse the order of the county court denying the petition.

Section 44 of the Levee act provides that at any time before the contract for the construction of the proposed work shall have been made, upon presentation to the county court of a petition signed by not less than two-thirds in number of all the land owners of such district and owning more than one-half in area of lands assessed for benefits in the district to which the petitioners belong, whose aggregate assessments amount to not less than one-half of the cost of the proposed works and all debts and expenses incurred up to the time of filing such petition, praying that the whole system of proposed works may be abandoned and the district abolished, the court shall enter upon its records an order granting the prayer of such petition upon condition that the petitioners pay all costs and debts and expenses aforesaid within ten days from the rendition of such order, the amount of such costs, debts and expenses to be fixed and determined by the court and made a part of the order.

The number of acres of land in the district did not exceed 3731.25. Plaintiff in error claims that the signers of the petition owned 1978.23 acres, and that of the 3731.25 acres claimed to be contained in the district 318.26 acres should not be included, because their annexation to the district was not authorized by law and they never became a part of the district. Upon the filing of the petition the court set it for hearing on October 14, 1909, and on that date the commissioners of the district filed objections, for the reason, among others, that the petitioners were not the combined owners of more than one-half of the area of lands assessed for benefits in the district. Francis E. Spencer and Jennie E. Rayburn, who signed the petition, owned 238.5 acres of land assessed for benefits. Papers were presented to the court signed by them, respectively, by which the name of each was withdrawn from the petition as a petitioner, and the court was authorized and requested to strike the name of each from the petition and dismiss

the proceeding as to each of them. The court allowed the withdrawal of the names, with the result that the acreage represented by the petition was reduced to 1739.73, of which 82 acres was not assessed for benefits, so that the petitioners remaining owned but 1657.73 acres of land assessed for benefits. If the 318.26 acres of land claimed not to belong to the district and the 82 acres not assessed are deducted from the total of 3731.25 acres there remain 3330.99 acres, of which the remaining petitioners own less than half.

It is insisted by the plaintiff in error that the district was abolished and abandoned upon the presentation of the petition to the court by that mere act; that no hearing was to be had upon it, and that the court was required simply to record the will of the persons who signed their names to the petition. This theory overlooks the fact that the court is authorized by the statute to enter the order only when requested at the time, in the manner and by the persons having the qualifications and complying with the requirements mentioned in the statute. A hearing is necessary to determine whether the facts exist which authorize the entry of the order. The costs, debts and expenses are required to be fixed and determined by the court as a part of the order, and without hearing evidence this could not be done. It is the order of the court, and not the presentation of the petition, which abolishes the district.

It is insisted that the time of filing the petition determines the status of the case and that petitioners have no right thereafter to withdraw their names. The contrary is held as the established rule in cases similar, in principle, to this one. (*Littell* v. *Board of Supervisors*, 198 Ill. 205; *Theurer* v. *People*, 211 id. 296; *Kinsloe* v. *Pogue*, 213 id. 302; *Mack* v. *Polecat Drainage District*, 216 id. 56.) The amendment of 1907 to section 4 of the Levee act refers only to the petition to organize a district, and does

not change in other instances the rule announced in the cases cited.

No evidence whatever appears as to the costs, debts and expenses of the district, the amount of which is required to be fixed and determined by the court and made a part of the order, so that the court could not have made the order required by the statute.

The record presents a number of other questions which have been argued by counsel, but what has been already said is decisive of the case and renders a consideration of any other alleged error unnecessary.

The judgment of the county court will be affirmed.

*Judgment affirmed.*