THE PEOPLE ex rel. William Koensgen et al. Defendants in Error, vs. V. L. STRAWN et al. Plaintiffs in Error.

*Opinion filed October 16, 1914—Rehearing denied Dec. 4, 1914.*

1. QUO WARRANTO—*court must be asked in some way to carry demurrer back to information.* A demurrer to a plea in a *quo warranto* proceeding reaches back through the whole record and attaches to the first substantial defect in the pleadings, but such defect must be pointed out to the court if it exists and the court must be asked in some way to carry the demurrer back.

2. SAME—*right of signers of petition to consolidate school districts to withdraw signatures.* Persons signing a petition to consolidate school districts have a right to withdraw their signatures prior to any action being taken on the petition.

3. SAME—*effect when People reply to pleas by re-affirming the usurpation.* Where the pleas to an information in the nature of *quo warranto* show upon their face a legal organization the People may reply by re-affirming the usurpation, and this will impose upon the defendants the burden of proving the facts alleged in the pleas.

4. SAME—*matters alleged in pleas by way of inducement are not subject to traverse.* Replications which deny matters of inducement alleged in the pleas and tender an issue are bad, for the reason that facts alleged by way of inducement are not subject to traverse; and replications which deny matter of inducement and conclude with a verification are bad for both reasons.

5. SAME—*when it is error to overrule demurrer to replication.* Where a replication amounts to a mere averment that the matters and things alleged in the pleas are not true and applies only to matters of inducement the replication is bad, and it is error to overrule a demurrer thereto.

6. SCHOOLS—*petitions having necessary majority of legal voters are essential to the jurisdiction to create new district.* Petitions

signed by a majority of the legal voters of two school districts are essential to the jurisdiction of the board of trustees to consolidate the districts and create a new district, and if certain signers of the petitions withdraw their signatures before any action is taken on the petition and the withdrawal leaves the petitions without sufficient signers, the order of the board creating a new district is null and void.

7. SAME—*purpose of serving copy of petitions to consolidate school districts.* The purpose of serving copies of the petitions to consolidate school districts is to afford an opportunity for the districts concerned to appear and present reasons for or against the allowance of the petitions; and it is not sufficient to serve such copies on the clerks of the district boards if such clerks have signed the petitions for such consolidation.

8. APPEALS AND ERRORS—*when a judgment should not be reversed for error in rulings on pleadings.* Error in rulings upon the pleadings is not ground for reversal of a judgment of ouster in a *quo warranto* proceeding where all the evidence competent under any pleadings that could be filed was admitted.

WRIT OF ERROR to the Circuit Court of LaSalle county; the Hon. S. C. STOUGH, Judge, presiding.

W. C. JONES, for plaintiffs in error.

GEORGE S. WILEY, State's Attorney, (J. A. RIELY, and ARTHUR H. SHAY, of counsel,) for defendants in error.

Mr. CHIEF JUSTICE CARTWRIGHT delivered the opinion of the court:

The State's attorney of LaSalle county presented to the circuit court of that county his petition for leave to file an information in the nature of *quo warranto* against the plaintiffs in error, V. L. Strawn, R. M. Pritchett and C. P. Jones, calling upon them to show by what warrant they assumed to exercise the franchise of school district No. 4 in township 29, north, range 2, in said county. The petition alleged that prior to March 1, 1912, there existed in LaSalle county school districts numbered 4 and 5, both in township 29; that afterwards proceedings were had where-

by it was sought to consolidate said districts and organize a new district out of the territory belonging to them, under the name of district No. 4, in said township; that the petition by the legal voters in the original district No. 4, when acted upon by the board of trustees, was not signed by a majority of the legal voters of the district; that the copy of the petition was delivered by George H. Bane, one of the petitioners, to M. F. Bane, clerk of the board of directors of district No. 4, who was also one of the petitioners, and that the copy of the petition signed by the legal voters in district No. 5 was delivered by V. L. Strawn, one of the petitioners, to R. M. Pritchett, clerk of the board of directors of district No. 5, who was also one of the petitioners; that the proceedings were therefore illegal, null and void, and that defendants were elected school directors of the pretended new school district on May 14, 1912, and since that time had been, and still were, holding and executing, without any warrant or right, the offices of school directors of the pretended new school district. The court, deeming the petition sufficient, granted leave and the information was filed. The defendants filed two pleas, setting forth in detail, by way of inducement, alleged facts as to the manner in which the new school district was organized and concluding with a denial under the *absque hoc*. To these pleas the People filed general and special demurrers, which were overruled by the court, and nine replications were filed under leave given to reply double. The defendants filed a general and special demurrer to the replications, and the court sustained the demurrer to the first eight and overruled it as to the ninth, and the defendants elected to stand by their demurrer to the ninth replication. A trial of the issues was then had before the court, and during the trial the People, by leave of court, filed three additional replications, and by order of court the demurrer to the original replications stood to the first and second additional replications. The court overruled the demurrer

and the defendants elected to stand by it. The court found
the issues for the People and entered judgment of ouster
against the defendants and for costs, and from that judg-
ment this appeal was taken.

The errors assigned and argued question the judgment
on the following grounds, stated in their order: First,
that by the information the new school district was made
a defendant and its corporate existence thereby admitted;
second, that the demurrer to the pleas should have been
carried back and sustained to the information; third, that
the trustees of schools had jurisdiction by the petitions
signed by a majority of the legal voters and had the right
to refuse to allow the withdrawal of names of petitioners;
fourth, that the replications were demurrable, because they
traversed allegations of inducement instead of the denial.

Where a corporation is made a defendant and appears
and defends as such, its existence as a corporation is ad-
mitted and cannot afterward be denied. (*People* v. *City
of Spring Valley,* 129 Ill. 169; *North and South Rolling
Stock Co.* v. *People,* 147 id. 234; *People* v. *Central Union
Telephone Co.* 192 id. 307.) But the school district was
not made a defendant in this case and did not appear.
The information charged that the defendants unlawfully
held and executed, without any warrant or right whatso-
ever, the pretended offices of school directors of the pre-
tended school district, and the information concluded with
a prayer for process "against the said V. L. Strawn, R. M.
Pritchett and C. P. Jones to make them answer to the said
People by what warrant, right or authority they claim and
exercise the franchise of district No. four (4), in town-
ship No. twenty-nine (29), north, range No. two (2), east
of the third principal meridian, county of LaSalle and State
of Illinois, and also by what warrant, right or authority
they claim to hold and exercise and execute the offices of
school directors of said pretended district No. four (4), in
township No. twenty-nine (29), north, range No. two (2);

east of the third principal meridian, county of LaSalle and State of Illinois, aforesaid."

There are two obvious answers to the second proposition. The court overruled the demurrer of the People to the pleas and held the pleas good, so that there is no ground for complaint of the ruling. It is true that a demurrer reaches back through the whole record and attaches to the first substantial defect in the pleadings, but such a defect must be pointed out to the court if it exists and the court must be asked in some way to carry the demurrer back. (*Town of Scott* v. *Artman,* 237 Ill. 394; *Heimberger* v. *Elliot Frog and Switch Co.* 245 id. 448.) The record does not show any motion or request to have the demurrer carried back to the information, and there was no omission or defect in it if such a motion had been made, because in most general terms it merely charged usurpation of a. franchise without setting forth the defects alleged in the petition.

As to the third proposition, the law is that the petitioners might withdraw their names from the petition prior to any action being taken on it. *Littell* v. *Vermilion County,* 198 Ill. 205; *Theurer* v. *People,* 211 id. 296; *Kinsloe* v. *Pogue,* 213 id. 302; *Mack* v. *Polecat Drainage District,* 216 id. 56; *Boston* v. *Kickapoo Drainage District,* 244 id. 577; *Malcomson* v. *Strong,* 245 id. 166; *Sny Island Drainage District* v. *Dewell,* 256 id. 126.

The answer made by counsel to the fourth proposition is, that the third additional replication was not demurred to and was not subject to demurrer and that it threw upon the respondents the burden of proof to prove the facts alleged in the pleas, and it is therefore immaterial whether the other replications were good or bad. That is not exactly correct. The pleas alleged facts which upon the face of the pleas showed a legal organization of the district. The People had the right to reply to the pleas by re-affirming the usurpation, which would impose upon the defend-

ants the duty of proving the facts alleged in the pleas. (*Wabash Western Railway Co.* v. *Friedman,* 146 Ill. 583; *People* v. *Central Union Telephone Co.* 232 id. 260.) This was done by the third additional replication. But the right of the People to a judgment depended upon other matter, consisting of the withdrawal of signatures and the identity of persons upon whom copies were served with the persons signing the petition, and those matters could be set up by replication. The court sustained demurrers to the original replications setting up these facts and overruled demurrers to additional replications by which they were alleged, but on the trial both parties were permitted to prove every fact alleged in the pleadings. The court sustained demurrers to the first eight replications, so that error cannot be assigned on that ruling, but error is properly assigned on overruling the demurrers to the ninth replication and the first and second additional replications, and a general review of the replications seems to be called for.

Of the original replications the first, third and fourth denied matter of inducement and tendered an issue, and were bad because facts alleged by way of inducement are not subject to traverse. The sixth and seventh denied matter of inducement and concluded with a verification, and were bad for both reasons. The ninth was a mere averment that the matters and things in the pleas alleged were not true. As it applied only to matter of inducement the replication was bad, and it was error to overrule the demurrer to it. The second replication alleged that Charles Whetzel, one of the signers of the petition in district No. 4, before any action was taken by the trustees, filed with the clerk of the board a paper directing his name to be canceled and stricken from the petition, and appeared in person at the meeting of the trustees and prior to any action being taken on the petition withdrew his name therefrom, leaving less than a majority of the legal voters as signers. The replication concluded with a verification, and was good,

as setting up new matter in reply to the pleas. The fifth replication alleged that R. M. Pritchett, clerk of the board of directors of school district No. 5, to whom the pleas alleged a copy of the petition was delivered, was the same R. M. Pritchett who signed the petition in that district, and that M. F. Bane, to whom the pleas alleged a copy of the petition was delivered as clerk of the board of directors of school district No. 4, was the same M. F. Bane who signed the petition in that district, and the replication concluded with a verification. The purpose of serving a copy of the petition is to afford an opportunity for the district concerned to appear and present reasons for or against the allowance of the petition, and the service of the copy is necessary to give the trustees jurisdiction. (*People* v. *Feicke,* 252 Ill. 414.) No objection was made or is now made to this replication on account of duplicity, and the demurrer was not good. The eighth replication alleged that Charles Whetzel and John G. Vissering, signers of the petition in district No. 4 set forth in the pleas, appeared in person in the meeting of the trustees, and prior to any action being taken on the petition withdrew their names therefrom, which was a good defense. The first additional replication again alleged the withdrawal by Charles Whetzel and John G. Vissering of their names from the petition in district No. 4, leaving less than a majority of the legal voters in the district, and it concluded with a verification; and the second additional replication averred that M. F. Bane on whom a copy was served was the same M. F. Bane who signed the petition in district No. 4, and that R. M. Pritchett on whom service was had was the same R. M. Pritchett who signed the petition in district No. 5. There was no objection to either of them on account of duplicity, and the court did not err in overruling the demurrers to them.

The only matters in controversy were those set out in the pleas and by the replications which were good. On

the trial the defendants were permitted to prove, and did prove, the signing of the petitions; the fact that as signed and filed they represented a majority of the legal voters in each district; that the copies of the petitions were served on the clerks of the boards of directors as alleged; that the trustees granted the prayers of the petitions and that upon appeal taken to the county superintendent of schools the order was confirmed, and that the defendants were regularly elected school directors of the alleged new district. The People, on the other hand, proved that there were nineteen legal voters of school district No. 4; that John G. Vissering signed the petition in that district in the evening of March 12, 1912, the last day on which it could be filed; that Charles Whetzel was called out of bed and signed it after ten o'clock, and it was filed by the clerk shortly before midnight of that day; that the meeting of the trustees was held on April 1, 1912; that on March 29, 1912, before that meeting was held, Whetzel filed with the clerk of the board his written withdrawal from the petition, leaving less than a majority of the legal voters as signers; that John G. Vissering and Whetzel appeared in person before the board and before the petition was acted upon withdrew their names. As the withdrawal of Charles Whetzel on March 29 by the writing then filed by him left the petition without a majority of the legal voters of the school district the trustees were without jurisdiction to proceed and the order creating the district was null and void. As all the evidence competent under any pleadings that could be filed was admitted, the judgment should not be reversed on account of any error in ruling upon the pleadings.

The judgment is affirmed.          *Judgment affirmed.*