(No. 12787.—Judgment affirmed.)

THE PEOPLE *ex rel.* The Township High School Board of Education *et al.* Appellants, *vs.* G. E. SWANSON *et al.* Appellees.

*Opinion filed October 27, 1919.*

1. SCHOOLS—*effect of the validating act of 1917 where township high school district has been organized under general School law.* Where, under the general School law, all the territory of a township is organized into a high school district before the passage of the validating act of 1917 and includes a part of the territory of a district previously organized under the invalid act of 1911, the validating act makes the latter district valid from the time of its organization and deprives the district organized under the general School law of its jurisdiction over the territory affected by the validating act.

2. SAME—*validity of organization not affected by a legislative change of boundaries.* The validity of the organization of a high school district consisting of one entire township is not affected by a subsequent legislative change of its boundaries, caused by taking certain sections from it and adding them to another district, even though the law would not have authorized the organization of a district out of territory embracing less than a township.

APPEAL from the Circuit Court of Henry county; the Hon. EMERY C. GRAVES, Judge, presiding.

CARL A. MELIN, State's Attorney, (ROBERT C. MORSE, and HENRY WATERMAN, of counsel,) for appellants.

CHARLES B. MARSHALL, and CHARLES D. MARSHALL, for appellees.

Mr. CHIEF JUSTICE DUNN delivered the opinion of the court:

Clover township and Oxford township, in Henry county, are adjoining townships, Clover township being east of Oxford. Each is a congressional township, consisting of thirty-six sections. In the spring of 1916 proceedings were taken under the act of 1911 for the organization of a high school district in a part of the territory of the two town-

ships, being four miles wide north and south and five miles long east and west, consisting of twelve sections in Clover township and eight sections in Oxford township, the south line of the district being the south line of the townships. A board of education was elected and organized and in September, 1916, a high school was opened, which was conducted during the next two school years eight and a half months in each year. After the decision of the case of *People* v. *Weis,* 275 Ill. 581, holding the act of 1911 unconstitutional, an information in the nature of *quo warranto* was filed in the circuit court of Henry county for the purpose of dissolving the district, but before judgment in that cause the validating act of June 14, 1917, was passed and the information was dismissed. In the meantime, in the spring of 1917, proceedings were taken under the general school laws for the organization of a township high school comprising all the territory of Oxford township, and before the passage of the act of 1917 a board of education was elected and organized which proceeded to establish a high school in Oxford township, which was opened in September, 1917, and conducted and maintained for eight and a half months during the following school year. The first school district was known as district No. 192, the last as district No. 193. District No. 192 levied a tax in August, 1916, which was collected. Both districts levied taxes in August, 1917, the result being that taxes were extended for the maintenance of a high school in both districts against the eight sections included in both districts. Anticipation warrants were drawn by each district against the taxes for the year 1917-18, which were sold to the banks and are still held by them. Neither of the districts has purchased or contracted for a site for a high school building, but each has conducted and maintained its high school in rented rooms owned by the local school districts. On June 10, 1918, the State's attorney of Henry county, on the relation of the board of education of district No. 193, filed an in-

formation in the nature of *quo warranto* against the members of the board of education of district No. 192, calling upon them to show by what authority they assumed to exercise the power and authority of a high school board of education over the lands and persons within the limits of the eight sections in Oxford township. A plea was filed, there was a trial by the court without a jury upon a stipulation as to the facts and a judgment was rendered in favor of defendants, from which relators have appealed.

The appellants contend that until the passage of the act of June 14, 1917, district No. 192 had no existence, either *de jure* or *de facto;* that district No. 193 came into existence as a *de jure* organization before the passage of that act; that district No. 192 was created by that act, but jurisdiction over the eight sections of land which were rightfully included within the limits of district No. 193 was not taken from that district and conferred upon district No. 192 by the act of 1917. Under the act of June 14, 1917, the territory in all cases to which it applied was declared legally and validly organized and established as a high school district; and not only so, but by section 2 all the acts of the persons elected and acting as a board of education, such as were authorized to be done by school districts or boards of education by the general school laws of the State, were declared to be legal and valid in all respects. Section 3 provided that whenever two such districts overlapped in territory, the district which was first established and continued to conduct a high school should be validated and confirmed. But this section is not material here, for there are no two such districts in this case. When district No. 193 was organized it rightfully acquired jurisdiction over the eight sections of land in controversy, for the unconstitutional act of 1911 conferred upon district No. 192 no rights in the district, either *de jure* or *de facto.* The effect of the act of June 14, 1917, which was passed a few days after the organization of district No. 193, was to make the election ·

valid for the establishment of a high school district in district No. 192 and the election of a board of education legal and valid, even to the extent of holding valid taxes levied before the passage of the curative act. (*People* v. *Mathews,* 282 Ill. 85; *Fisher* v. *Fay,* 288 id. 11.) In the latter case it is said that "there is not a suggestion anywhere in the constitution that the legislature cannot, by enactment, form and constitute any territory it may see fit into a school district and give to it corporate powers as such without any vote or consent of the people of that territory." Therefore it was not beyond the power of the legislature to detach the territory from district No. 193 and attach it to district No. 192. This was the effect of the act of the legislature. District No. 193 was legally organized, having jurisdiction over the territory in controversy. By the act of June 14, 1917, the legislature in effect declared that district No. 192 should be regarded as legally organized from the time of its attempted organization, including the territory in question, and that all its acts, such as are authorized to be done by school districts or boards of education by the general school laws of the State, were legal and valid in all respects. The effect was to deprive district No. 193 of jurisdiction over its territory and confer it on district No. 192, and it was within the power of the legislature to do this.

The appellants argue that the organization of district No. 193 depends upon its retaining these sections, because there is no law authorizing the creation of a township high school out of a part of one or more townships. The organization of district No. 193 was completed before the passage of the act of June 14, 1917. It would not become defective by reason of a legislative change in the boundaries of its territory.

The judgment is affirmed.          *Judgment affirmed.*