(No. 14745.—Judgment affirmed.)
THE PEOPLE ex rel. John A. Morris et al. Appellants, vs.
FREMONT OPIE et al. Appellees.

*Opinion filed October 21, 1922.*

1. PLEADING—*when filing additional pleading does not abandon replications to which demurrer has been sustained.* A party waives all objection to the decision of the court in sustaining a demurrer to a pleading when he elects to abandon such pleading and file an amended pleading in its stead or where he pleads over after the demurrer; but where an additional replication is filed, not as a substitute for the original replications to which a demurrer is sustained but to present a new ground for supporting an information in *quo warranto,* the relators do not abandon their right to question the ruling on the demurrer where they finally abide by all their replications.

2. QUO WARRANTO—*how issue must be formed where defendants plead special traverse.* The inducement of a special traverse when the denial under the *absque hoc* is sufficient can neither be traversed nor confessed and avoided, and where an information in the nature of *quo warranto* alleges usurpation in general terms and the defendants' plea alleges facts showing their right to exercise the privilege claimed and concludes with a traverse under the *absque hoc,* the People, in order to take issue, should join in the traverse by re-affirming the usurpation, in which case the defendants must prove the facts alleged in the plea.

3. SCHOOLS—*the curative act of 1921 does not apply to legally organized community high school district.* The curative act of 1921 applies only to certain community high school districts in which attempts were made to organize such districts but organization was not accomplished because of some irregularity, defect or omission in the proceedings, and hence section 5 of said act, validating the district which is first established where two districts overlap, can not be relied upon to support an information attacking the second district where the first is already a valid district, to which the validating act does not apply.

4. SAME—*territory may be taken from one district and added to another by operation of curative act.* The legislature has power to detach territory from one school district and attach it to another, and the curative act of 1921 operates to validate a community high school district although the result is to detach territory from a former valid community high school district and add it to the district made valid by the act. (*People* v. *Swanson,* 289 Ill. 335, followed.)

APPEAL from the Circuit Court of Peoria county; the Hon. CHARLES V. MILES, Judge, presiding.

ERNEST J. GALBRAITH, State's Attorney, (DAILEY, MIL-LER, MCCORMICK & RADLEY, of counsel,) for appellants.

CAMERON & ANDERSON, for appellees.

Mr. CHIEF JUSTICE THOMPSON delivered the opinion of the court:

This is the second appeal in a proceeding in *quo warranto* brought to test the legality of the organization of Community High School District No. 201 in Peoria county. On the former appeal we held that the plea of justification stated a good defense to the information under the law as it stood at the time judgment was entered in this court. (*People* v. *Opie*, 301 Ill. 11.) The cause was remanded to the circuit court of Peoria county for further proceedings consistent with the views expressed by this court. When the cause was re-docketed the demurrer theretofore filed to the plea was overruled, and the relators, having obtained leave to reply double, filed four replications. To these replications general and special demurrers were filed and sustained. Thereafter an additional replication was filed by leave of court and a general and special demurrer to this replication was filed and sustained. Thereupon appellants elected to abide by all of their said replications, and a judgment was entered in favor of appellees.

It is first contended that by filing the additional replication after demurrer was sustained to the original replications appellants have waived any questions that were raised by said replications. It is an elementary rule of practice that a party waives all objections to the decision of the court in sustaining a demurrer to a pleading when he elects to abandon such pleading and file an amended pleading in its stead. (*People* v. *Core*, 85 Ill. 248.) It is equally well settled that where the party pleads over after a demurrer has

been sustained to his pleading he has no right to question the decision on the demurrer. (*Wann* v. *McGoon,* 2 Scam. 74; *Bennett* v. *Union Central Life Ins. Co.* 203 Ill. 439.) In the instant case the record shows clearly that it was not the intention of appellants to abandon their replications or to waive their right to question the action of the court in sustaining demurrers to them. They did not ask leave to plead over nor did they file an amended replication. They filed an additional replication, and when the demurrer was sustained to this pleading they specifically stated that they abided all their replications. The additional replication was not filed as a substitute for the original replications but was filed to present a new ground for ousting appellees, it clearly appearing from the record that appellants did not waive their right to question the action of the court in sustaining the demurrers to the four original replications. We see no reason, on principle or authority, why they should be held to abandon their right to question the ruling.

The information filed in this cause was of a general character and called upon appellees to show by what authority they held the offices of members of the board of education of said district and exercised the rights and privileges thereof. Appellees justified by setting out all the proceedings by which the district was organized and by which they were elected to membership on the board. The plea further states that the territory is contiguous and compact, that a building has been rented for high school purposes, that teachers have been hired, that taxes have been levied to maintain the school, that the school has been continuously maintained, and that thirty-six children are attending the school. The plea concludes with a verification. By their third replication appellants say "that the territory described in said plea as organized into said community high school district is not a contiguous and compact territory and that no high school established in said district is or will be reasonably accessible to all the inhabitants of said district."

The special demurrer was properly sustained to this replication for the reason that it denied matters of inducement and tendered an issue on the same. The plea of justification filed by appellees is a special traverse. Its essential parts are the inducement, the denial and the verification. The matter set up in the inducement must be such as in itself amounts to a sufficient answer, in substance, to the information. The inducement of a special traverse, when the denial under the *absque hoc* is sufficient, can neither be traversed nor confessed and avoided. (Andrews' Stephens on Pleading, secs. 159, 160; *People* v. *Pullman Car Co.* 175 Ill. 125; *People* v. *Central Union Telephone Co.* 232 id. 260.) The replication was also bad for the reason that its allegations were mere conclusions of the pleader. (*People* v. *Graham*, 301 Ill. 446.) The additional replication described in detail the size, shape and topography of the district and the location of the villages and community centers in and adjacent to the district, for the purpose of showing that the district was not contiguous and compact territory. This replication denied matters of inducement and concluded with a verification and was bad on demurrer for both reasons. (*People* v. *Strawn*, 265 Ill. 292.) Where an information in the nature of *quo warranto* alleges usurpation in general terms and the defendant's plea alleges facts showing its right to exercise the privilege claimed and concludes with a traverse under the *absque hoc,* if the People desire to take issue they should join in the traverse by reaffirming the usurpation, in which case the defendant must prove the facts alleged in the plea. *People* v. *Clark*, 298 Ill. 170; Puterbaugh's Common Law Pleading,—9th ed.—722.

Replications 1, 2 and 4 charged that Community High School District No. 301 in Fulton county is and has been since January 3, 1920, a legal and existing district, and that certain territory included in said district is also included in the district here involved and that as to said territory said districts overlap. The first replication further

charges that a four-year high school has been maintained in district No. 301 since its organization and that a four-year high school has never been maintained in district No. 201. The second replication further charges that district No. 301 established a high school before district No. 201, and that the validating act does not apply to district No. 201 by reason of the exception contained in section 5 of said act, which provides: "Whenever there are two community high school districts  *  *  *  which overlap in territory, that district which shall have first established and now continues to conduct a high school, is hereby validated and confirmed." (Laws of 1921, p. 798.) The fourth replication sets out in detail all of the proceedings of the organization of district No. 301 for the purpose of showing that that district was legally organized and that it did not need the aid of the curative act to make it a valid district, and that for that reason the curative act could not operate to legalize the organization of the illegally organized district No. 201, thereby disorganizing and dissolving the legally organized district No. 301 by taking from it some of its territory. These replications concluded with a verification and were good in form as setting up new matter in reply to the plea.

There is no allegation in the first and second replications showing that district No. 301 in Fulton county is not a legally organized district and there is nothing to show that the regularity of its organization has ever been questioned, and so that district is not brought within the terms of the curative act. The subject matter of the act was only certain districts in which attempts had been made to organize as high school districts but organization had not been accomplished because of some irregularity, defect or omission in the proceedings. It had no effect on districts that were legally organized. (*People* v. *Rich,* 301 Ill. 80.) Section 5, on which appellants rely, therefore has no application to this case, and the general demurrer was properly sustained to the first and second replications. The fourth replication

charges that the district in question does not come within the terms of the curative act, for the reason that district No. 301 in Fulton county was a legally organized district at the time of the passage of the curative act, and that the General Assembly by declaring the illegally organized district a valid district would disorganize and destroy a valid and existing district by taking a part of its territory. This contention is met squarely by the decision of this court in *People* v. *Swanson,* 289 Ill. 335, where it was held that the legislature had the power to detach territory from one district and attach it to another, and that the effect of the curative act then under consideration was to do that very thing. Under the holding in that case the court properly sustained the general demurrer to the fourth replication.

The judgment of the circuit court is affirmed. ·

*Judgment affirmed.*

---

(No. 14675.—Reversed and remanded.)
RUFUS O. BAIRD *et al.* Appellees, *vs.* COMMUNITY HIGH SCHOOL DISTRICT No. 168 *et al.* Appellants.

*Opinion filed October 21, 1922.*