In the Matter of Petition for Disconnection of Certain Territory from Village of Northfield, Cook County, Illinois.

John J. Phillips, Appellant, v. Village of Northfield et al., Appellees.

Gen. No. 46,358.

First District, Third Division.

December 15, 1954.

Released for publication February 17, 1955.

Joseph Lustfield, of Chicago, for appellant.

Greggar P. Sletteland, and Tenney, Sherman, Bentley & Guthrie, all of Chicago, for certain appellee.

Holland Fla Havhan, Crowell & Leibman, Doval B. Williams, and Alfred Roy Hulbert, all of Chicago, for certain other appellees.

MR. JUSTICE LEWE delivered the opinion of the court.

This is an appeal from an order dismissing a petition filed under the provisions of section 7—42, chapter 24, of the Cities and Villages Act, Illinois Revised Statutes 1951 [Jones Ill. Stats. Ann. 21.1233], State Bar Edition, by the owners of approximately twenty-six acres, to disconnect their land from the Village of Northfield in Cook county. The pertinent part of section 7—42 provides in substance that the owners of any area of land consisting of one or more tracts lying within the corporate limits of any municipality, containing twenty or more acres, may have the area disconnected if it does not result in isolation of any part of the municipality from the remainder of the municipality.

The petition alleges that one tract comprising about ten acres is owned by B. Montrose Conley; that two other tracts containing about thirteen acres are owned by Frederick Budinger and Rose Budinger, his wife, and that the remaining tract of about three acres is owned by John J. Phillips, the appellant.

The village filed an answer to the petition and thereafter one Katharyne E. Hulbert, a resident and taxpayer, filed a written motion to dismiss the petition for leave to disconnect. The village was given leave to withdraw its answer and join in the motion to dismiss, which was denied. Subsequently, upon motion of Conley an order was entered granting him leave to take a voluntary nonsuit. After this order was entered the petition was dismissed "with prejudice" on the ground that the voluntary withdrawal and nonsuit taken by Conley left the other petitioners without the requisite ownership of twenty or more acres of land.

■ The petitioner, Phillips, contends that since Conley moved only to nonsuit himself and did not move to withdraw his property from the proceeding the court still retained jurisdiction of the property. No authorities are cited to support this contention nor have we been able to find any. We think this contention is without merit. By taking a nonsuit Conley did not disassociate himself from his ownership of the land. The title being in him when he took the nonsuit it would seem to follow that his property was also withdrawn from the proceeding.

Petitioner Phillips says that the amendment to section 7—2 of chapter 24 [Ill. Rev. Stats. 1951, ch. 24, § 7—2; Jones Ill. Stats. Ann. 21.1193] which prohibits the withdrawal of persons from annexation proceedings establishes a legislative policy which also restricts the right of a petitioner to withdraw from disconnection proceedings. Before section 7—2 was amended it was construed in Crocher v. Abel, 348 Ill. 269. In that case certain property owners filed written withdrawals of their signatures from the petition. The court held that the signers had a right to withdraw their names from the petition at any time before final action thereon, citing Littell v. Vermillion Co. Board of Sup'rs, 198 Ill. 205. An analogous statute, section 44, chapter 42, Illinois Revised Statutes 1951 [Jones Ill. Stats. Ann. 42.060], State Bar Edition, provides for the abandonment of drainage district proceedings. In Boston v. Kickapoo Drainage Dist., 244 Ill. 577, a petition was filed in the county court one year after the district was organized, praying that the whole system of proposed work might be abandoned and the district abolished. There the county court allowed the voluntary withdrawal of several petitioners before any hearing, leaving the remaining petitioners without the requisite ownership of acreage prescribed by statute, and dismissed the petition. In that case, as in the case at bar,

it was contended that the time of filing the petition determined the status of the case and that petitioners had no right thereafter to withdraw their names. The court concluded that a contrary rule was established in similar cases, citing Littell v. Vermillion Co. Board of Sup'rs, 198 Ill. 205 and Mack v. Polecat Drainage Dist., 216 Ill. 56.

In the absence of any provision in section 7—42 of chapter 24 [Ill. Rev. Stats. 1951, ch. 24, § 7—42; Jones Ill. Stats. Ann. 21.1233], restricting a petitioner's right to withdraw, we think Conley's withdrawal in the instant proceeding was permissible and, since it appears from the face of the petition that the remaining petitioners own less than the required minimum of twenty acres, the court was warranted in dismissing the petition.

For the reasons given, the order appealed from is affirmed.

Order appealed from affirmed.

KILEY, P. J. and FEINBERG, J., concur.