MARTIN MANOOGIAN *vs.* JAMES F. WILLIAMSON *et al.*
AS BOARD OF LICENSE COMMISSIONERS OF THE CITY OF
PAWTUCKET.

JULY 15, 1959.

PRESENT: Condon, C. J., Roberts, Paolino, Powers and Frost, JJ.

CONDON, C. J.  This is a petition for certiorari to review the action of the board of license commissioners of the city of Pawtucket in refusing to allow the petitioner to withdraw his application to transfer to John J. Donato and Peter D. Donato his class B victualer's beverage license for premises known as the Stadium Cafe situated at 211 South Bend street in said city.  We issued the writ and in compliance therewith the respondents have made due return of all their records pertaining to such application.

According to the return a written application for transfer signed by petitioner and the Donatos was filed with the board on December 19, 1958 and duly advertised for a public hearing thereon on January 7, 1959. On that date there being no objection the board voted that the "application for license be taken under advisement * * *." Thereafter at a meeting of the board in executive session on January 21, 1959 the license was granted. The petitioner and his counsel were heard on petitioner's oral request to withdraw his application. No written request for leave to withdraw was ever filed either before January 7, 1959 or at any time thereafter.

After hearing counsel for petitioner, the board heard counsel for the Donatos who objected to withdrawal of the application claiming that petitioner had sold the licensed business for a valuable consideration. In support of such claim he presented a legal bill of sale executed by petitioner and witnessed by his counsel who represented him in that transaction. The bill expressly sold and delivered "All of the stock and fixtures and all of the personal property contained in the above premises heretofore used by me in the conduct of the 'Stadium Cafe', including all of my right, title and interest in and to the gas heater, television set, cooling system, license from the City of Pawtucket to operate said business, including all of the good will of said business and the right to use the name 'Stadium Cafe'." Upon the advice of the city solicitor that the only business legally before them was either to approve or disapprove the grant of the transfer of the license the board formally voted to approve the transfer to John J. and Peter D. Donato.

On January 23, 1959 petitioner claimed an appeal to the state liquor control administrator. After a hearing on February 17, 1959 the administrator decided that he had no jurisdiction to hear an appeal from the local board's decision on the application for a transfer of a liquor license and

therefore he dismissed petitioner's appeal without prejudice. In the circumstances petitioner claimed he was without an adequate remedy to have determined a question of law, namely, whether the local board exceeded its jurisdiction in denying him leave to withdraw his application.

After the writ was issued the Donatos were allowed to intervene as additional parties respondent. They thereupon moved to quash the writ. After a hearing we denied the motion and assigned the petition for a further hearing on its merits. At that hearing petitioner contended that he had the absolute right to withdraw his application at any time without giving any reasons therefor. And he claimed that the board acted arbitrarily and in excess of its jurisdiction in granting the application after he had made known to them his desire to withdraw it. In support of his contention he cited *Littell* v. *Board of Supervisors,* 198 Ill. 205; *Theurer* v. *People ex rel. Deneen,* 211 Ill. 296; *Slingerland* v. *Norton,* 59 Minn. 351. He relies especially on the following statement in the last-cited case at page 357: "This right is an absolute one, which the petitioner may exercise on his own motion, without assigning any reason therefor, or obtaining leave to do so from anyone."

None of those cases involved an application to *transfer* a liquor license. The petitioner here argues that such fact makes no difference in principle as the same would hold true with reference to an application for a transfer or for any kind of a license. He readily concedes that he has been unable to find any case involving a transfer of a liquor license but he argues that the cited cases are at least analogous to the case at bar if not squarely in point. We perceive no analogy and are of the opinion that the rule therein enunciated is not applicable to the facts of record here.

The application for transfer was signed not only by petitioner but also by the Donatos. It was in effect an application by the Donatos for a license as well as an application by petitioner for a transfer. Under general laws 1956, §3-

430

5-19, the local board may in its discretion grant a transfer but only after publication of the same form of notice as is required in the case of an original application. In the instant case such notice was duly published and the general public was thereby apprised of the fact that the Donatos were seeking to have petitioner's license transferred to them. The board was also apprised of the fact that petitioner had agreed to transfer the license subject to the board's approval. On January 21, 1959 such approval was given, but petitioner sought to withdraw the application over the objection of the Donatos.

In view of these facts petitioner had no absolute right to withdraw. If the board was required to consider his oral request at all after January 7 and reopen the case they were entitled to know the grounds upon which he based his right to withdraw. An application for transfer should be dealt with as if it were an original application. 30 Am. Jur., Intoxicating Liquors §167, p. 631. An application for a license cannot be withdrawn without leave and such leave "will not be granted where the effect would be to block the application of a fit and suitable person." 48 C.J.S. Intoxicating Liquors §144, p. 248. Under our law whether leave should be granted rested in the discretion of the board. Clearly it was within the board's jurisdiction to require petitioner to give his reasons for withdrawal and to hear the Donatos' objections thereto before granting or denying the application.

On the evidence before them the petitioner had apparently sold his business including his stock and fixtures and also the license subject to the board's approval of the transfer. In such circumstances he was no longer in control of the licensed premises and could not retain personal possession of the license certificate since it was required to be kept posted in plain view on the premises. G. L. 1956, §3-5-18. This was another circumstance which justified the board in refusing to grant the petitioner leave to withdraw.

The petition for certiorari is denied and dismissed, the writ heretofore issued is quashed, and the records certified to this court are ordered returned to the respondent board with our decision endorsed thereon.

*Needham, Silverstein & Gnys, Edward L. Gnys, Jr.*, for petitioner.

*Woolley, Blais & Quinn*, for respondents John J. and Peter D. Donato.