(No. 12728.—Judgment affirmed.)

THE PEOPLE ex rel. School Directors *et al.* Appellees, *vs.* FRED OAKWOOD *et al.* Appellants.

*Opinion filed October 27, 1919—Rehearing denied Dec. 4, 1919.*

1. SCHOOLS—*petitioners for school district may withdraw their names before action is taken on petition.* Where a petition for the organization of a school district is filed with the township trustees of schools, petitioners may withdraw their names before action is taken on the petition by the trustees.

2. SAME—*on appeal from action of trustees, the county superintendent is limited to review of their decision.* On an appeal from the action of the township boards of trustees on petitions for the organization of a new school district the county superintendent is limited to a review of the decision of said boards, and where so many of the petitioners withdraw their signatures before action is taken by the trustees that the petitions are insufficient, the restoration of the names of said petitioners on appeal will not authorize the county superintendent to reverse the decision of the trustees and grant the petitions.

APPEAL from the Circuit Court of Vermilion county; the Hon. JOHN H. MARSHALL, Judge, presiding.

O. M. JONES, and HALL & HOLADAY, for appellants.

GRAHAM & DYSERT, for appellees.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

An information in the nature of *quo warranto* was filed in the circuit court of Vermilion county calling upon Fred Oakwood and W. T. Snider, appellants, and W. G. Green, to answer by what warrant they claimed to hold and exercise the offices of school directors of school district No. 132, in that county. The defendants by their plea set forth proceedings for the creation of a new school district in territory described in a petition therefor, situated in different school districts and townships. The plea alleged that three petitions directed to the trustees of schools of the several townships were filed with the clerks of the several boards, signed by more than two-thirds of the legal voters residing within the territory described in the petitions; that the trustees of schools refused to grant the petitions and an appeal was taken to the county superintendent of schools, who reversed the decisions of the respective boards of trustees and entered an order creating the new school district and giving it the number 132, and that the defendants were elected school directors of such district in the manner prescribed by law. The first replication to the plea was withdrawn. The second replication made no denial of any fact alleged in the plea except with respect to the petitions filed with the several boards of trustees for the creation of the district. It alleged that there were 461 legal voters residing in the proposed school district and that the petitions were signed by 329 legal voters; that before the boards of trustees had heard the petitions 47 signers presented to the several boards of trustees a withdrawal of their signatures by a writing set forth in the replication, and that after such withdrawal there were only 282 signatures of legal voters residing in the district, which was less than two-thirds required by the statute to give the boards of trustees authority to act. To the replication the defendants filed a rejoinder,

alleging that before the appeal was heard by the county superintendent of schools 30 of the 47 persons who signed the withdrawal paper presented to the county superintendent their sworn statement that they signed three original petitions praying the respective boards of trustees to create the new school district; that they signed the withdrawal of their names from the petitions by reason of misrepresentations and misleading statements that the petitions would take a school away from little children in a certain territory and compel them to walk about five miles to a school, and that they had since learned that the statements were false and the formation of a new district would not deprive any children of proper school advantages. Coupled with these averments there was a denial that the 30 persons who presented their sworn statement to the county superintendent withdrew their names from the original petitions. The relators demurred to the rejoinder and the court sustained the demurrer. The defendants having elected to stand by the rejoinder, judgment of ouster and for costs was rendered against them, and from the judgment Oakwood and Snider appealed.

The rejoinder consisted mainly of mere conclusions, and its averments of fact were repugnant in denying that 30 of the 47 persons who signed the withdrawal ever actually withdrew their names from the original petition and averring that they did withdraw their names as petitioners but were induced to withdraw them by misrepresentations as to school facilities for little children, and so informed the county superintendent by their sworn statement. As to such repugnant statements the rejoinder is to be construed against the defendants, and is to be taken as alleging that the 30 persons withdrew their names from the petition and on the appeal claimed that they were induced to withdraw their names by misrepresentations. The 30 petitioners who signed the withdrawal paper had a right to withdraw their names from the petition before any action was taken on it.

*Littell* v. *Board of Supervisors of Vermilion County,* 198 Ill. 205; *Theurer* v. *People,* 211 id. 296; *Kinsloe* v. *Pogue,* 213 id. 302; *Mack* v. *Polecat Drainage District,* 216 id. 56; *Boston* v. *Kickapoo Drainage District,* 244 id. 577; *Malcomson* v. *Strong,* 245 id. 166; *Sny Island Drainage District* v. *Dewell,* 256 id. 126; *People* v. *Strawn,* 265 id. 292.

The territory which the petitioners asked to have organized into a new school district was located in different school districts and townships, and the School law authorized the formation of such a district by the concurrent action of the several boards of trustees, provided each board was petitioned by two-thirds of the legal voters residing within the territory to be formed into a new district. Before any action by the boards of trustees there was an actual withdrawal of the names of petitioners, so that less than two-thirds of the legal voters remained as petitioners and an essential requisite to the formation of a new district was lacking. The decision of the boards of trustees was in accordance with the law, but on appeal from their decision there was an attempt to set aside the withdrawal and practically restore the names of the 30 persons to the petition, because, although their names were actually withdrawn, it was done under a misapprehension of fact, induced by false representations. On the appeal the authority of the county superintendent was limited to a review of the decision of the boards of trustees and affirmance or reversal, with possible minor changes. He had no authority to entertain or act upon what would amount to original petitions not presented to or acted upon by the boards of trustees. There were no petitions before the boards of trustees authorizing the creation of a new district, and their decision being right, the county superintendent could not reverse it by the change which was attempted to be made.

The judgment is affirmed.          *Judgment affirmed.*