BOARD OF EDUCATION OF METROPOLIS COMMUNITY HIGH SCHOOL DISTRICT, Plaintiff-Appellee, *v.* COUNTY BOARD OF SCHOOL TRUSTEES OF MASSAC COUNTY *et al.*, Defendants-Appellants.

(No. 75-227; )

Fifth District—January 15, 1976.

James W. Sanders, of Marion, for appellants.

Louis G. Horman, of Metropolis, for appellee.

Mr. JUSTICE JONES delivered the opinion of the court:

On June 21, 1974, a petition was filed with defendant Massac County Board of School Trustees requesting detachment of certain territory from plaintiff, Metropolis Community High School District No. 20, Massac County and its annexation to Brookport Unit District No. 38. Following a hearing the petition was granted and an order detaching the territory was entered. A petition for rehearing was denied by the County Board of School Trustees and plaintiff Board of Education filed

a complaint for administrative review in the circuit court of Massac County.

Defendants filed a motion to dismiss the complaint for administrative review alleging, among other things, that plaintiff had failed to pay for preparing and certifying the record of board proceedings as required by section 10 of the Administrative Review Act (Ill. Rev. Stat. 1973, ch. 110, § 273). The motion to dismiss was denied.

The trial court reversed the order of the County Board of School Trustees and entered judgment for the plaintiff, finding that the petition for detachment was not legally sufficient for the reason that it did not contain the required number of signatures. The defendants' motion for a rehearing was denied and defendants appeal.

Defendants contend that the trial court erred by not granting their motion to dismiss; that the court erred in its ruling on the withdrawal of signatures from the petition; that it erred in reversing the findings of fact made by the Board as to the residence of challenged petitioners; and that it erred in computing the number of total registered voters in the described territory and in computing the number of signatures necessary for a valid petition.

Did the trial court err in not dismissing the complaint for the reason that plaintiff had not complied with section 10 of the Administrative Review Act (Ill. Rev. Stat. 1973, ch. 110, § 273), which states in part that:

"If the statute under authority of which the administrative decision was entered provides or requires that the plaintiff in the review proceeding shall pay to the agency the costs of preparing and certifying the record of proceedings before the agency, the failure to make such payment shall relieve the agency of the necessity of filing the answer required in Section 9 * * *."

Section 7—6 of the School Code (Ill. Rev. Stat. 1973, ch. 122, § 7—6) provides that:

"* * * [I]n case of an appeal from the decision of the county board of school trustees appellants shall pay the cost of preparing the record for appeal."

■■ After a hearing on this matter, the court ruled that plaintiff was responsible for the costs involved. Plaintiff immediately paid for the transcript. Under the circumstances we find no merit in defendants' argument that the plaintiff was flouting a statutory requirement and was guilty of dilatory tactics. The trial court did not err in denying the motion to dismiss.

Defendant maintains that the court erred in ruling that signatures could be withdrawn from a petition without either a personal appearance

or affidavit from those desiring to withdraw their names. Defendant cites no Illinois authority for this proposition but maintains that it should be the law, and in support of such contention cites cases from Missouri, Utah and Florida.

■■ It has been the accepted rule in Illinois that a petitioner may withdraw his signature prior to the time the petition is acted upon in the same manner in which he signed it. We do not feel that this court should establish a different rule. In the absence of a statutory requirement or a court decision in this State indicating a different method, we hold to the well-established rule that a petitioner has a right to withdraw at any time before the petition is acted upon. Both plaintiff and defendants cite several Illinois cases supporting this proposition, but in none of them is there a suggestion that he must verify his signature or appear in person in order to make a withdrawal.

In a recent case touching on this matter, *People ex rel. Bodecker v. Kramer*, 397 Ill. 592, 74 N.E.2d 896, twenty voters filed written requests to withdraw their names. The County Superintendent of Schools permitted the withdrawal and twenty minutes later received a petition, the validity of which hinged on the first petition being invalidated by the withdrawal of twenty names. The propriety of allowing the withdrawals was raised on appeal—but not because the signers did not appear and not because there was no verification, but because it was claimed that the superintendent had already acted on the petition thus making it too late for them to withdraw. The court on appeal held that the petition had not been acted upon and that it was proper for the county superintendent to permit the withdrawals.

In *Kramer* the court cited all of the cases cited by both plaintiff and defendants except *People ex rel. School Directors v. Oakwood*, 290 Ill. 45, 124 N.E. 829. In *Oakwood* thirty petitioners were permitted to withdraw their names in the face of a ruling by the county superintendent of schools that they had been induced to withdraw their names by misrepresentation. On appeal the court affirmed that the withdrawals were proper.

■■ It appears in the instant case that the Board inquired regarding the signatures of two signers who were then permitted to withdraw. With respect to the ten which the Board refused permission to withdraw, there was testimony under oath that the resident legal voter who presented the ten withdrawals was personally acquainted with each and that their signatures were genuine. We do not find that the trial court erred in permitting the withdrawal of these ten signatures.

Did the trial court err in reversing the findings of fact made by defendant Board of Trustees as to the residence of seventeen challenged petitioners?

We are well aware, as pointed out by defendants, that the findings and conclusions of an administrative agency on questions of fact shall be held to be prima facia correct and that its decisions in this regard shall not be overturned unless there is no competent evidence to support its decisions. Thus the question before us is whether or not the record is sufficient to rebut the prima facia truth and correctness of the Board's finding regarding the residence of seventeen petitioners. The trial court felt that the evidence was sufficient to support such rebuttal and we agree.

■■ Defendants present no compelling arguments to show that testimony of witnesses called to testify regarding the residence of these seventeen petitioners should be disregarded. Plaintiff, on the other hand, presents an exhaustive resume supported by the record of what the witnesses said and of how they answered the questions put to them. One of the witnesses for the plaintiff was a long-time resident in the disputed area, had been a former school board member, and as disclosed by the record, was more familiar with the boundary of the disputed territory than some of the officials involved. Furthermore, the record shows that certain witnesses who were certain of the residence of a part of the seventeen petitioners when they first testified were doubtful and not certain on cross-examination. In view of these facts disclosed to us by the record, we have no hesitancy in upholding the trial court's finding that these seventeen petitioners were not residents of the territory in question.

Defendants maintain that the court did not rule properly on the total number of voters residing in the territory in question and thus on the number required to make the petition sufficient.

The requirement for the validity of the petition is that two-thirds of the legal voters residing in the affected territory sign the petition. Defendant states that the record shows 190 legal voters. Plaintiff maintains there are 191. One of the points of contention between plaintiff and defendant was whether or not a fraction should be considered as a whole person or no person. We find it unnecessary to rule on this point. In view of our holding that the trial court was correct in allowing the withdrawal of ten signatures and in finding that seventeen petitioners were not residents of the affected territory, the remaining number on the petition is 115, well below even the 127 which the defendants contend is the correct number to support the petition.

Affirmed.

KARNS, P. J., and G. J. MORAN, J., concur.