ERMA RODRIGUEZ, Plaintiff-Appellant, v. THE SHERIFF'S MERIT COMMISSION OF KANE COUNTY *et al.*, Defendants-Appellees (Sue Petit *et al.*, Defendants).

Second District No. 2—04—0066

Opinion filed February 4, 2005.

Herbert Hill, of Aurora, for appellant.

Timothy P. Dwyer, of Law Office of Timothy P. Dwyer, of St. Charles, for appellee Sheriff's Merit Commission.

Timothy D. O'Neil, of Foote, Meyers, Mielke & Flowers, L.L.C., of Geneva, for appellee Kenneth Ramsey.

PRESIDING JUSTICE O'MALLEY delivered the opinion of the court:

Plaintiff, Erma Rodriguez, appeals from an order of the circuit court of Kane County dismissing her complaint for administrative review of a decision of the Sheriff's Merit Commission of Kane County (Commission) terminating her employment as a Kane County corrections officer. We reverse and remand.

On June 30, 2003, plaintiff filed her complaint, naming the Commission, Kane County Sheriff Kenneth Ramsey (Sheriff), and Commission members James R. Klinkhamer, Elmer J. Weber, and Stephen W.

Wennmacher, as defendants. (In the interests of brevity, references to the Commission shall include its members.) Plaintiff also named as defendants the various witnesses who testified before the Commission. Plaintiff alleged that they were necessary parties, but the trial court entered an agreed order dismissing the complaint as to those defendants, and they are not parties to this appeal. In her complaint, plaintiff acknowledged that she was responsible for the cost of the preparation and certification of the record of the proceedings before the Commission. She also requested that the Commission advise her of the cost of the record and either bill her or have the stenography service that recorded the proceedings send her its bill.

On July 28, 2003, the Commission filed a motion to dismiss the complaint pursuant to section 2—619 of the Code of Civil Procedure (Code) (735 ILCS 5/2—619 (West 2002)). The Commission contended that the trial court lacked jurisdiction because plaintiff's complaint was not filed within 35 days of service of the Commission's decision upon plaintiff, as required by section 3—103 of the Code (735 ILCS 5/3—103 (West 2002)). The motion was supported by the affidavit of Mary Gray, who was responsible for the Commission's secretarial work. She averred that she mailed the decision to plaintiff on May 23, 2003. The Commission argued that the last day of the 35-day period for seeking administrative review was Friday, June 27, 2003, and that plaintiff's complaint, filed on the following Monday, was untimely. Plaintiff filed a counteraffidavit stating, in pertinent part, that "[plaintiff] denies that the defendant Sheriff's Merit Commission mailed the notice of it's [*sic*] decision on the date and time alleged in the affidavit attached to their [*sic*] motion to dismissed [*sic*], (May 23, 2003), and believes that said notice was hand delivered to plaintiff's residence on May 24, 2003." Plaintiff further averred that she "never received notice from defendant Merit Commission by general delivery mail, at any time, before or after May 24, 2003." Citing *Nudell v. Forest Preserve*, 333 Ill. App. 3d 518 (2002), *aff'd*, 207 Ill. 2d 409 (2003), plaintiff also contended that under Supreme Court Rule 11 (145 Ill. 2d R. 11), the decision should have been served on her attorney, and service on plaintiff personally was ineffective.

On October 29, 2003, while the Commission's section 2—619 motion was still pending, the Sheriff filed a motion to dismiss pursuant to section 3—109 of the Code (735 ILCS 5/3—109 (West 2002)) on the basis that plaintiff had not paid the Commission the cost of preparing and certifying the record of the administrative proceedings. On November 3, 2003, the trial court denied the Commission's section 2—619 motion. On November 10, 2003, plaintiff filed a response to the Sheriff's section 3—109 motion. Plaintiff related that the Commis-

sion had not advised her of the cost of the record until November 3, 2003. She further pointed out that prior to that time, the pendency of the Commission's motion to dismiss relieved the Commission of the obligation to file the record. The response also stated that "on this date [plaintiff] will extend to Defendant Merit Commission a certified check in the amount of $1,986.93 *** in exchange for a certified copy of [the] record." On November 13, 2003, the Commission filed the administrative record in the trial court. On November 17, 2003, the Commission moved for reconsideration of the denial of its motion to dismiss, but the motion was rendered moot when, on that same date, the trial court granted the Sheriff's motion to dismiss. Plaintiff unsuccessfully moved for reconsideration and then filed a timely notice of appeal.

Plaintiff subsequently presented a bystander's report for approval by the trial court. The Commission moved to strike the bystander's report, arguing, *inter alia*, that "[t]he issues in this case are entirely legal, and as such, no transcripts or Bystander's Reports are necessary." The trial court refused to certify the bystander's report, explaining that "the instant matter produced no evidentiary hearing *** [and] therefore there is no necessity for a bystander's report ***, and therefore no necessity to certify same."

Plaintiff argues on appeal that the trial court erred in dismissing her complaint due to her nonpayment of the cost of preparing and certifying the record. She maintains that payment of the cost of the record is not jurisdictional. She points out that her complaint acknowledged her responsibility for the cost of the record, and she further asserts that she "tendered" payment to the Commission prior to the entry of the dismissal order. According to plaintiff, failure to pay the cost of the record may justify dismissal, but mere *delay* in payment does not. Plaintiff relies on *Ayala v. Goad*, 176 Ill. App. 3d 1091 (1988), in which this court observed that when a trial court becomes aware that the filing fee in a civil case has not been paid, "it may properly order the fee paid before proceeding with the matter, but the harsh remedy of dismissal with prejudice should be considered only upon plaintiff's noncompliance with an order for payment." *Ayala*, 176 Ill. App. 3d at 1095.

The Commission and the Sheriff argue that the complaint was properly dismissed due to plaintiff's failure to pay the cost of preparing and certifying the record and that the complaint was not timely filed. With respect to the former point, they emphatically claim that plaintiff has misstated the facts of the case by asserting that she "tendered" payment of the cost of the administrative record. The Commission and the Sheriff contend that the record on appeal merely shows that, in

response to the Sheriff's motion to dismiss, plaintiff indicated that she *would* make the payment but she never actually followed through. They point to plaintiff's proposed bystander's report which indicates that on November 17, 2003, plaintiff's attorney advised the trial court that payment had not yet been made. According to the proposed bystander's report, plaintiff's attorney stated, "My intent was to pay it on November 10, 2003, however [the Commission] in the interim filed its motion to reconsider this courts [*sic*] denial of its 2—619 motion to dismiss, and I thought it best to hold it until now."

■ Before considering the merits of the parties' arguments, we must address several motions that we have ordered taken with the case. First, plaintiff has moved to strike the Commission's brief. Plaintiff argues that because the Commission did not file a cross-appeal, we lack jurisdiction to consider the issues framed in the Commission's brief "insofar as [the brief] seeks a resolution of the denial of the *** Commission's [section] 2—619 motion to dismiss." We disagree. "Findings of the trial court adverse to the appellee do not require the appellee's cross-appeal if the judgment of the trial court was not at least in part against the appellee." *Material Service Corp. v. Department of Revenue*, 98 Ill. 2d 382, 387 (1983); see also *Jakstas v. Koske*, 352 Ill. App. 3d 861, 864 (2004); *Solimini v. Thomas*, 293 Ill. App. 3d 430, 434 (1997).

Here the decision below was entirely favorable to the Commission, so no cross-appeal is necessary or even permissible. "A party cannot complain of error that does not prejudicially affect it, and one who has obtained by judgment all that has been asked for in the trial court cannot appeal from the judgment." *Solimini*, 293 Ill. App. 3d at 434. The Commission sought dismissal of the action and that is what it obtained. The Commission could not appeal merely because the dismissal was for reasons other than those it had urged in the trial court. However, the Commission may urge those alternative reasons as a basis for affirming the dismissal. This is so because "[t]he reviewing court is not bound to accept the reasons given by the trial court for its judgment [citation], and the judgment may be sustained upon any ground warranted, regardless of whether it was relied on by the trial court and regardless of whether the reason given by the trial court was correct." *Material Service Corp.*, 98 Ill. 2d at 387.

■ Plaintiff also points out that the Commission's brief includes copies of, and makes reference to, materials outside the record on appeal. Specifically, the Commission's brief includes a copy of a letter from plaintiff's attorney to the Commission's attorney. We grant plaintiff's motion to strike the letter and will disregard all references to it in the Commission's brief. See *Stokes v. Colonial Penn Insurance Co.*, 313 Ill. App. 3d 202, 204 (2000).

■ The Commission, in turn, has moved to strike plaintiff's brief. The Commission argues that plaintiff has misrepresented the relevant facts by stating that she paid the Commission the cost of the administrative record. The Commission points to plaintiff's proposed bystander's report as evidence that payment was never made. We note that although the trial court declined to certify the bystander's report, it still arguably might be considered a judicial admission, which is defined as "a party's deliberate, clear, unequivocal statement about a concrete fact within the party's peculiar knowledge." *Dean Management, Inc. v. TBS Construction, Inc.*, 339 Ill. App. 3d 263, 272 (2003). On the other hand, it is also somewhat disingenuous for the Commission to rely on the bystander's report, given that the Commission successfully opposed its certification by arguing, in essence, that the bystander's report was not germane to this appeal.

In any event, contrary to the Commission's argument, plaintiff does not claim that she actually paid the cost of the record; she merely claims that she *tendered* payment. Even taking the uncertified bystander's report into account, the record shows that plaintiff stood willing and able to pay the cost of the record on November 10, 2003, but failed to do so because of intervening circumstances. If not a model of perfect candor, plaintiff's assertion that she "tendered" payment is also not an altogether unreasonable characterization of the facts. Consequently, we deny the Commission's motion to strike.

■ Finally, the Commission has moved (1) to strike plaintiff's reply brief and (2) for sanctions under Supreme Court Rule 375(b) (155 Ill. 2d R. 375(b)). In her reply brief, plaintiff argues that she was not required to pay the cost of the administrative record until the trial court ruled on the Commission's motion to dismiss. Plaintiff did not raise this point in her initial appellate brief. The Commission contends that the argument therefore violates Supreme Court Rule 341(h)(7) (210 Ill. 2d R. 341(h)(7)), which provides that "[p]oints not argued are waived and shall not be raised in the reply brief." While this is true, "the responsibility of a reviewing court for a just result and for the maintenance of a sound and uniform body of precedent may sometimes override the considerations of waiver that stem from the adversary character of our system." *Hux v. Raben*, 38 Ill. 2d 223, 225 (1967). In our view, the interests of justice and reasoned decision making favor consideration of the new argument. Accordingly, we deny the motion to strike plaintiff's reply brief. The Commission's request for sanctions under Rule 375(b) is predicated on the claimed defects in plaintiff's briefs. Given our disposition of the Commission's motions to strike those briefs, we see no reason to impose sanctions.

Turning to the merits, we first consider whether plaintiff's complaint was untimely, thereby depriving the trial court of subject matter jurisdiction. The issue was raised in a motion to dismiss under section 2—619 of the Code, and our review is *de novo*. *Brennan v. Kadner*, 351 Ill. App. 3d 963, 967 (2004). Section 3—103 of the Code provides, in pertinent part:

"Every action to review a final administrative decision shall be commenced by the filing of a complaint and the issuance of summons within 35 days from the date that a copy of the decision sought to be reviewed was served upon the party affected by the decision ***[.]

\* \* \*

The method of service of the decision shall be as provided in the Act governing the procedure before the administrative agency, but if no method is provided, a decision shall be deemed to have been served either when a copy of the decision is personally delivered or when a copy of the decision is deposited in the United States mail, in a sealed envelope or package, with postage prepaid, addressed to the party affected by the decision at his or her last known residence or place of business." 735 ILCS 5/3—103 (West 2002).

Because the Sheriff's Merit System Law (55 ILCS 5/3—8002 *et seq.* (West 2002)) does not provide a method for service of the Commission's decision, the methods specified in section 3—103 of the Code apply. The Commission relies on our supreme court's decision in *Nudell v. Forest Preserve District*, 207 Ill. 2d 409 (2003), which held that service by mail under section 3—103 is effective on the date the final decision is mailed rather than the date it is received and that the 35-day time period for filing a complaint for administrative review is jurisdictional. The Commission points out that its decision was placed in the mail on May 23, 2003, and that June 27, 2003, was the last day for filing a complaint for administrative review. Plaintiff filed her complaint on June 30, 2003.

■ While the Commission focuses on *when* the decision was mailed, it ignores another important consideration: *to whom* it was mailed. The Commission mailed the decision to plaintiff personally, not to the attorney who represented her before the Commission. Conversely, in *Nudell*, the decision was mailed to the plaintiff's attorney, but was not mailed to the plaintiff. In *Nudell*, the plaintiff argued in the appellate court that service was ineffective because the decision had not been mailed to him personally. The appellate court disagreed:

"Supreme Court Rule 11(a) (145 Ill. 2d R. 11(a)) provides that '[i]f a party is represented by an attorney of record, service shall be made upon the attorney.' Therefore, service of the decision on [the

plaintiff's] attorney, rather than [the plaintiff], was sufficient." *Nudell*, 333 Ill. App. 3d at 522. Although the court did not rule that service on the plaintiff would have been insufficient, that is the logical extension of the court's reasoning, inasmuch as Rule 11's requirement that service be made upon the attorney is stated in mandatory terms. Moreover, in *Nudell*, the supreme court noted that the decision had been served on the plaintiff's attorney (*Nudell*, 207 Ill. 2d at 412), and although that court did not specifically address the Rule 11 issue, the outcome of the appeal is consistent with the view that Rule 11 applies to service of the decision of an administrative agency. Accordingly, *Nudell* appears to be distinguishable because in that case the administrative decision was properly served in accordance with Rule 11, whereas in this case the Commission did not comply with that rule. The Commission has not addressed this facet of *Nudell*, even though the issue was raised below and the trial court ruled in plaintiff's favor on the jurisdiction question. As such, the Commission has failed to show that the trial court erred in denying its motion to dismiss for lack of subject matter jurisdiction.

■ We next consider the actual basis for the dismissal—plaintiff's failure to pay the cost of preparing and certifying the record of proceedings before the Commission. When a complaint for administrative review has been filed, section 3—108(b) of the Code (735 ILCS 5/3—108(b) (West 2002)) provides that "the administrative agency shall file an answer which shall consist of the original or a certified copy of the entire record of proceedings under review." Section 3—109 of the Code (735 ILCS 5/3—109 (West 2002)) provides, in turn, that "[i]f the statute under authority of which the administrative decision was entered provides or requires that the plaintiff in the review proceeding shall pay to the agency the costs of preparing and certifying the record of proceedings before the agency, the failure to make that payment shall relieve the agency of the necessity of filing the answer required in Section 3—108 of this Act and shall be authority for the entry of an order by the court *** dismissing the complaint." The Sheriff's Merit System Law provides that the plaintiff seeking administrative review "shall pay the reasonable cost of preparing and certifying the record for judicial review." 55 ILCS 5/3—8014 (West 2002).

There is little reported case law interpreting section 3—109's dismissal provision. However, in *Board of Education of Metropolis Community High School District v. County Board of School Trustees*, 34 Ill. App. 3d 901 (1976) (*Metropolis*), cited by plaintiff, the court held that the trial court did not err in denying a motion to dismiss

under that provision where the plaintiff paid for the transcript immediately after the hearing at which the trial court concluded that the plaintiff was liable for the cost of the record. The court stated:

> "Under the circumstances we find no merit in defendants' argument that the plaintiff was flouting a statutory requirement and was guilty of dilatory tactics. The trial court did not err in denying the motion to dismiss." *Metropolis*, 34 Ill. App. 3d at 903.

Section 3—109 does not *mandate* dismissal for nonpayment; it merely states that failure to pay "shall be *authority* for the entry of an order *** dismissing the complaint." (Emphasis added.) 735 ILCS 5/3—109 (West 2002). As such, the statute does not make payment for the record a jurisdictional requirement. Under *Metropolis*, whether the party seeking review is guilty of flouting a statutory requirement or of dilatory tactics is a primary consideration for the trial court in deciding whether to dismiss a complaint for the plaintiff's failure to pay the cost of the record. The parties agree, as do we, that the trial court's decision whether or not to dismiss a complaint on the grounds of nonpayment is subject to *de novo* review.

We conclude that dismissal of plaintiff's complaint was erroneous. Neither section 3—108 of the Code nor the Sheriff's Merit System Law specifies *when* the cost of the administrative record must be paid. The effect of nonpayment is to relieve the administrative agency of the duty to file the record. Here, however, the Commission appeared in this matter by filing a motion to dismiss rather than its answer (*i.e.*, the record). See 735 ILCS 5/3—106 (West 2002). As such, the Commission deferred its obligation to file the record until the disposition of its motion. Plaintiff took the position that she was not required to pay the cost of the record until the Commission was otherwise obligated to file the record. If the Commission prevailed on its motion to dismiss, it would have no need to prepare and certify the record, and, in turn, there would be no reason to require plaintiff to pay for it. We agree and, in the words of *Metropolis*, we hold under these circumstances that plaintiff has neither "flout[ed] a statutory requirement" nor is she "guilty of dilatory tactics." *Metropolis*, 34 Ill. App. 3d at 903.

Indeed, plaintiff's conduct did not cause any delay. Even if plaintiff had paid the cost of the record when she filed her complaint, the matter could not have proceeded to review on the merits until disposition of both the Commission's motion to dismiss and its motion to reconsider the denial of that motion. Moreover, although plaintiff had always acknowledged her responsibility for the cost of the record, there is no evidence that the Commission ever demanded payment or that it even advised plaintiff of the cost of the record until about five months after she filed her complaint.

For the foregoing reasons, the judgment of the circuit court of Kane County is reversed and the cause is remanded for further proceedings.

Reversed and remanded.

McLAREN and CALLUM, JJ., concur.