Docket No. 100165.

# IN THE
# SUPREME COURT
# OF
# THE STATE OF ILLINOIS

---

ERMA RODRIGUEZ, Appellee, v. THE SHERIFF'S MERIT COMMISSION OF KANE COUNTY *et al.*, Appellants.

*Opinion filed January 20, 2006.*

JUSTICE FREEMAN delivered the judgment of the court, with opinion.

Chief Justice Thomas and Justices McMorrow, Fitzgerald, Kilbride, Garman, and Karmeier concurred in the judgment and opinion.

## OPINION

Plaintiff, Erma Rodriguez, sought administrative review of a decision of the sheriff's merit commission of Kane County (commission). The circuit court of Kane County dismissed plaintiff's complaint for administrative review. The appellate court reversed. 355 Ill. App. 3d 676. We allowed the commission's petition for leave to appeal. 177 Ill. 2d R. 315(a). We now reverse the judgment of the appellate court, and affirm the order of the circuit court dismissing plaintiff's complaint, albeit for a different reason than that upon which the circuit court relied.

## I. BACKGROUND

The commission filed a motion to dismiss plaintiff's complaint for administrative review pursuant to section 2–619(a) of the Code of Civil Procedure (735 ILCS 5/2–619(a) (West 2002)). The motion admits all well-pled allegations in the complaint and reasonable inferences to be drawn from the facts. *Fireman's Fund Insurance Co. v. SEC Donohue, Inc.*, 176 Ill. 2d 160, 161 (1997). We recite only those facts that are necessary for our disposition of the issues presented in this appeal.

Plaintiff was employed by the Kane County sheriff's department as a corrections officer. Following a hearing, the commission terminated plaintiff's employment effective May 23, 2003. Mary Gray, secretary for the commission, swore in an affidavit that, on May 23, 2003, she mailed a copy of the commission's decision via certified mail to plaintiff. A postal receipt bearing plaintiff's name and address shows mailing via certified mail on May 23, 2003.[1]

---

[1] We note that plaintiff ultimately filed an amended counteraffidavit. She "denied" that the commission mailed a copy of its decision on May 23, 2003. She further swore that she "never received notice from [the commission] by general delivery mail, at any time, before or after May 24, 2003. The Commission's order was placed in plaintiff's mailbox on May 27, 2003 by an unknown

person."

However, as against the positive, detailed statements of fact in Mary Gray's affidavit, plaintiff's allegations, made on information and belief, are insufficient. An affidavit not based on personal knowledge is inadequate to rebut an affidavit which is based upon personal knowledge. See, *e.g.*, *Longo v. AAA-Michigan*, 201 Ill. App. 3d 543, 551 (1990); *Allied American Insurance Co. v. Mickiewicz*, 124 Ill. App. 3d 705, 708-09 (1984). Plaintiff's amended counteraffidavit does not contain facts to establish any knowledge of plaintiff with respect to the commission's mailing practices.

Plaintiff filed her complaint for administrative review on June 30, 2003. In its motion to dismiss, the commission contended that section 3–103 of the Administrative Review Law (735 ILCS 5/3–103 (West 2002)) required plaintiff to file her complaint within 35 days from the mailing of the commission decision to confer subject matter jurisdiction on the circuit court. The commission asserted that plaintiff was required to have filed her complaint by June 27, 2003. Therefore, according to the commission, the jurisdictional time period for plaintiff to file her action lapsed, the circuit court was without jurisdiction to hear the case, and the circuit court must dismiss plaintiff's complaint.

In her response to the commission's motion to dismiss, plaintiff asserted three alternative contentions. Plaintiff first asserted that the 35-day period of section 3–103 of the Administrative Review Law began to run when she received the commission decision on May 24, 2003; the thirty-fifth day thereafter was Saturday, June 28, 2003; and, consequently, her complaint was timely filed on Monday, June 30, 2003. Second, plaintiff contended that, even if the 35-day filing period began to run on May 23, 2003, the first day is excluded and the last day is included, thereby rendering her complaint timely. Third, plaintiff contended that the 35-day time period was tolled because the commission did not mail a copy of its decision to her attorney of record.

In its reply, the commission agreed with plaintiff that, in computing the 35-day filing period, the first day is excluded and the last day is included. However, the commission maintained that the crucial date, which began plaintiff's filing period, was May 23, 2003. The commission argued that 35 days thereafter, beginning on May 24, 2003, was Friday, June 27, 2003. Since plaintiff filed her complaint on Monday, June 30, 2003, it was untimely. Also, the commission did not dispute that it mailed a copy of its decision to plaintiff and not to her attorney. However, the commission responded that plaintiff's attorney was aware of the commission's service on plaintiff. The commission contended that the dispositive issue was not who received the commission's decision, but rather when plaintiff filed her complaint for administrative review.

The circuit court denied the commission's section 2–619 motion to dismiss. However, the Kane County sheriff separately filed a motion to dismiss plaintiff's complaint based on section 3–109 of the Administrative Review Law (735 ILCS 5/3–109 (West 2002)), contending that plaintiff had not paid the cost of preparing and certifying the record of the administrative proceedings.[2] The circuit court granted the sheriff's motion to dismiss on this basis.

The appellate court reversed the circuit court's dismissal of plaintiff's complaint. 355 Ill. App. 3d 676. Initially, the appellate court upheld the circuit court's dismissal of the commission's section 2–619 motion to dismiss. It was undisputed that plaintiff was represented by her attorney, but the commission mailed its decision to plaintiff personally and not to her attorney of record. The appellate court concluded that the commission's service of its decision on plaintiff and not her attorney violated Supreme Court Rule 11(a), which requires that service be made upon the party's attorney of record, and if the party is not represented by an attorney of record, service shall be made upon the party. 145 Ill. 2d R. 11(a). The appellate court held that the commission "failed to show that the trial court erred in denying its motion to dismiss for lack of subject matter jurisdiction." 355 Ill. App. 3d at 683.

However, the appellate court concluded that dismissal of plaintiff's complaint based on section 3–109 of the Administrative Review Law was erroneous. The appellate court reversed the circuit court's dismissal of plaintiff's complaint for administrative review on this basis and remanded the cause to

<hr>

[2]We note that plaintiff, in her appellee's brief, erroneously describes the sheriff's motion to dismiss as "a 2–619 motion to dismiss" based on her failure to pay costs pursuant to section 3–109 of the Administrative Review Law. However, the sheriff's motion to dismiss is expressly based directly and solely on section 3–109.

the circuit court for further proceedings. 355 Ill. App. 3d at 683-85. The commission appealed to this court. 177 Ill. 2d R. 315(a).

## II. ANALYSIS

Before this court, the commission's sole contention is that the circuit court should have granted its section 2–619 motion to dismiss plaintiff's complaint for administrative review based on lack of subject matter jurisdiction. The commission argues that the appellate court should have upheld the dismissal of plaintiff's complaint on this basis. Plaintiff, urging affirmance of the appellate court, raises two contentions. First, plaintiff contends that the appellate court properly upheld the circuit court's refusal to dismiss plaintiff's complaint based on lack of subject matter jurisdiction. Alternatively, plaintiff contends that the appellate court correctly reversed the circuit court's dismissal of plaintiff's complaint based on section 3–109 of the Administrative Review Law. We find the commission's contention to be meritorious.

Section 2–619(a) of the Code of Civil Procedure permits dismissal where, *inter alia*, "the action was not commenced within the time limited by law" (735 ILCS 5/2–619(a)(5) (West 2002)) and where "the claim asserted *** is barred by other affirmative matter avoiding the legal effect of or defeating the claim" (735 ILCS 5/2–619(a)(9) (West 2002)). When ruling on a motion to dismiss, the trial court must interpret all pleadings and supporting documents in the light most favorable to the nonmoving party. The court should grant the motion if the plaintiff can prove no set of facts that would support a cause of action. On appeal, review is *de novo*. *In re Chicago Flood Litigation*, 176 Ill. 2d 179, 189 (1997).

Enacted in 1945, the Administrative Review Law is now 60 years old, and its basic framework has remained unchanged. See 1945 Ill. Laws 1144; Comment, *The Illinois Administrative Review Act*, 42 Ill. L. Rev. 636 (1947); G. Mills, *The Illinois Administrative Review Act*, 28 Chi. B. Rec. 7 (1946). The Administrative Review Law was an innovation and a departure from the common law, and the procedures established therein

˘6˘

must be followed. *Fredman Brothers Furniture Co. v. Department of Revenue*, 109 Ill. 2d 202, 210 (1985), quoting *Winston v. Zoning Board of Appeals*, 407 Ill. 588, 595 (1950). Section 3–102 of the Administrative Review Law mandates that parties to a proceeding before an administrative agency shall be barred from obtaining judicial review of the agency's administrative decision unless review is sought "within the time and in the manner" provided by the statute. 735 ILCS 5/3–102 (West 2002). Indeed, the circuit court exercises special statutory jurisdiction pursuant to the Administrative Review Law. If the statutorily prescribed procedures are not strictly followed, "no jurisdiction is conferred on the circuit court." *Fredman Brothers*, 109 Ill. 2d at 210.

Regarding the time for filing a complaint for administrative review, section 3–103 provides in pertinent part:

> "§3–103. Commencement of action. Every action to review a final administrative decision shall be commenced by the filing of a complaint and the issuance of summons within 35 days from the date that a copy of the decision sought to be reviewed was served upon the party affected by the decision ***[.]
>
> * * *
>
> The method of service of the decision shall be as provided in the Act governing the procedure before the administrative agency, but if no method is provided, a decision shall be deemed to have been served either when a copy of the decision is personally delivered or when a copy of the decision is deposited in the United States mail, in a sealed envelope or package, with postage prepaid, addressed to the party affected by the decision at his or her last known residence or place of business." 735 ILCS 5/3–103 (West 2002).

The 35-day time period for filing a complaint for administrative review "is a jurisdictional requirement and that judicial review of the administrative decision is barred if the complaint is not filed within the time specified." *Fredman Brothers*, 109 Ill. 2d at 211; accord *Nudell v. Forest Preserve District*, 207 Ill. 2d 409, 422-23 (2003).

In this case, as the appellate court recognized (355 Ill. App. 3d at 682), no method for service is provided in the statute governing the proceedings before the Commission (55 ILCS 5/3–8002 *et seq.* (West 2002)). Consequently, the methods specified in section 3–103 of the Administrative Review Law apply.

In *Nudell v. Forest Preserve District*, 207 Ill. 2d 409 (2003), this court clarified and reiterated the jurisdictional filing requirement of section 3–103 of the Administrative Review Law. Relying on the above-quoted plain language of section 3–103, this court in *Nudell* held that, where the administrative agency serves its decision via United States mail, the 35-day period for filing a complaint for administrative review begins on the date that the agency decision is mailed, as opposed to the date that the affected party actually receives the decision. *Nudell*, 207 Ill. 2d at 414, 424; accord *Cox v. Board of Fire & Police Commissioners*, 96 Ill. 2d 399, 402-03 (1983).

In the present case, the commission's computation of plaintiff's 35-day filing period is correct. Plaintiff's filing period began on May 23, 2003, the date on which the commission mailed its decision. In computing the 35-day filing period, the first day is excluded and the last day is included. *Cox,* 96 Ill. 2d at 402, citing Ill. Rev. Stat. 1979, ch. 1, par. 1012 (now codified at 5 ILCS 70/1.11 (West 2002)). Plaintiff's filing period ended on Friday, June 27, 2003, and after that date the circuit court lost subject matter jurisdiction to review the commission's decision. Since plaintiff filed her complaint on Monday, June 30, 2003, the complaint was untimely and the circuit court should have granted the commission's motion to dismiss on this basis.

However, instead of simply applying section 3–103, as clarified in *Nudell,* to this case, the appellate court distinguished this dispositive authority from the facts of this case:

> "While the Commission focuses on *when* the decision was mailed, it ignores another important consideration: *to whom* it was mailed. The Commission mailed the decision to plaintiff personally, not to the attorney who represented her before the Commission.

Conversely, in *Nudell*, the decision was mailed to the plaintiff's attorney, but was not mailed to the plaintiff." (Emphases in original.) 355 Ill. App. 3d at 682.

The appellate court concluded that *Nudell* would have applied but for the belief that Supreme Court Rule 11(a) (145 Ill. 2d R. 11(a)) distinguished this case from *Nudell*.

Supreme Court Rule 11(a) states as follows:

"Rule 11. Manner of Serving Papers Other Than Process and Complaint on Parties Not in Default in the Trial and Reviewing Courts

(a) On Whom Made. If a party is represented by an attorney of record, service shall be made upon the attorney. Otherwise service shall be made upon the party." 145 Ill. 2d R. 11(a).

The appellate court in this case, after observing that the appellate court in *Nudell* cited to Supreme Court Rule 11 for authority that service to plaintiff's attorney was sufficient, reasoned as follows:

"Although the court did not rule that service on the plaintiff would have been insufficient, that is the logical extension of the court's reasoning, inasmuch as Rule 11's requirement that service be made upon the attorney is stated in mandatory terms. Moreover, in *Nudell*, the supreme court noted that the decision had been served on the plaintiff's attorney (*Nudell*, 207 Ill. 2d at 412), and although that court did not specifically address the Rule 11 issue, the outcome of the appeal is consistent with the view that Rule 11 applies to service of the decision of an administrative agency. Accordingly, *Nudell* appears to be distinguishable because in that case the administrative decision was properly served in accordance with Rule 11, whereas in this case the Commission did not comply with that rule." 355 Ill. App. 3d at 683.

Based on this reasoning, the appellate court upheld the circuit court's denial of the commission's motion to dismiss.

The commission contends that the dispositive question in this case is not *to whom* the commission's decision was

mailed. It is undisputed that the decision was mailed to plaintiff, as "the party affected by the decision," pursuant to the plain language of section 3–103. 735 ILCS 5/3–103 (West 2002). Rather, according to the commission, the dispositive question in this case is *when* did plaintiff file her complaint for administrative review, so as to confer subject matter jurisdiction on the circuit court.

In support of the appellate court, plaintiff argues that the applicability of Supreme Court Rule 11(a) "dictates a mandatory procedural requirement in notice." According to plaintiff, if "the party affected by the decision," in the words of section 3–103 of the Administrative Review Law (735 ILCS 5/3–103 (West 2002)), is represented by an attorney of record, then service must be made upon the attorney. Plaintiff describes a mailing to the party and not to the party's attorney of record as "fatal."

We disagree with the appellate court's conclusion that Supreme Court Rule 11(a) distinguishes this case from *Nudell*. There is no "Rule 11 issue," as the appellate court characterized, because Supreme Court Rule 11 does not apply to service of an administrative agency decision in the context of section 3–103 of the Administrative Review Law. Of course, supreme court rules " 'are not aspirational. They are not suggestions. They have the force of law, and the presumption must be that they will be obeyed and enforced as written.' " *Roth v. Illinois Farmers Insurance Co.*, 202 Ill. 2d 490, 494 (2002), quoting *Bright v. Dicke*, 166 Ill. 2d 204, 210 (1995).

> "Indeed, we do expect *litigants* to comply with our rules. As we expressed in *Roth*, 'our rules would have little force if the legal community perceived that we, as a court, do not enforce the rules or tailor them to fit the exigencies of the moment. *** [W]e must emphasize that the supreme court rules are rules of procedure and that it is incumbent upon *litigants* to follow them.' " (Emphases added.) *Wauconda Fire Protection District v. Stonewall Orchards, LLP*, 214 Ill. 2d 417, 428-29 (2005), quoting *Roth*, 202 Ill. 2d at 494-95.

Further, supreme court rules, together with article II of the Code of Civil Procedure, *i.e.*, the Civil Practice Law (735 ILCS

˘10˘

5/1–101(b) (West 2002)), apply to all proceedings in the trial court, except to the extent that the procedure in a particular type of action is regulated by a statute other than the Civil Practice Law. 134 Ill. 2d R. 1.

However, in the present case, the commission can in no way be considered a "litigant" prior to plaintiff filing her complaint for administrative review. Consequently, the commission was not required to comply with Rule 11. As its title suggests, the Administrative Review Law is limited in coverage to review proceedings; it does not include procedures and practice before agencies. See 42 Ill. L. Rev. at 641. Rather, an administrative review action *begins* with the filing of a complaint within 35 days of the date on which the administrative agency served its decision on the affected party. Presumably the Administrative Practice and Review Commission, the drafters of the Administrative Review Law, hoped that the "complaint" will be regarded as *starting* an original action rather than an appeal. See 42 Ill. L. Rev. at 643; accord 28 Chi. B. Rec. at 8 ("The pleading *initiating* the review action is designated as a 'complaint' (emphasis added)"). In this case, litigation commenced when plaintiff filed her complaint for administrative review. Prior to plaintiff filing her complaint, no litigation existed, hence no litigants existed and, hence, supreme court rules did not yet apply.

Further, a careful reading of Supreme Court Rule 11 itself supports our conclusion. Rule 11 refers to the "Manner of Serving *Papers* Other Than Process and Complaint." (Emphasis added.) Supreme Court Rule 2(b)(3) defines paper as follows: " 'Paper' means pleading, motion, notice, affidavit, memorandum, brief, petition, or other paper or combination of papers *required or permitted to be filed*." (Emphasis added.) 134 Ill. 2d R. 2(b)(3). Rule 11 falls squarely in the context of motion practice. Rule 11 is recognized as amplifying Rule 104(b), which pertains to "Filing of papers and Proof of Service" (134 Ill. 2d R. 104(b)) and Rule 131, which pertains to "Forms of Papers" (145 Ill. 2d R. 131). See generally 1A Nichols Illinois Civil Practice §§11:1, 11:17 (rev. 2001); 4 R. Michael, Illinois Practice §37.3 (1989). Obviously, motion practice assumes a pending action. See 1A Nichols Illinois Civil

Practice §12:1, at 241 (rev. 2001) ("Obviously, a motion cannot be filed until an action is pending").

In the context of section 3–103 of the Administrative Review Law, the administrative agency decision is not "filed" in the circuit court. Rather, it is "served upon the party affected by the decision" (735 ILCS 5/3–103 (West 2002)), who then decides whether to commence litigation by timely filing a complaint for administrative review. Supreme court rules–specifically Rule 11–become applicable only when litigation commences.

Moreover, a careful reading of *Nudell* itself dispels any significance of the appellate court's distinction. In *Nudell*, this court listed exemplary appellate court decisions where "the appellate court has held that a complaint for administrative review must be filed within 35 days of the mailing of the decision." The question of to whom the agency decisions were mailed in those cases was not dispositive. *Nudell*, 207 Ill. 2d at 421-22, citing *Laristos, Inc. v. City of Chicago License Appeal Comm'n*, 309 Ill. App. 3d 59 (1999) (agency decision mailed to attorney); *Board of Education of St. Charles Community Unit School District, No. 303 v. Adelman*, 137 Ill. App. 3d 965 (1985) (agency decision mailed to attorney); *Schlobohm v. Police Board*, 122 Ill. App. 3d 541 (1984) (agency decision mailed to plaintiff, who informed attorney); *Ellis v. Miller*, 119 Ill. App. 3d 579 (1983) (agency decision mailed to plaintiff and attorney); *Chin v. Department of Public Aid*, 78 Ill. App. 3d 1137 (1979) (agency decision mailed to plaintiff); *Thompson v. Illinois Civil Service Comm'n*, 63 Ill. App. 3d 153 (1978) (agency decision mailed to attorney). Considered collectively, it is clear that the dispositive question was whether the plaintiff filed his or her complaint for administrative review within 35 days of the agency mailing its decision.

Further, in *Nudell*, this court affirmed the appellate court, which likewise held that the 35-day filing period of section 3–103 began when the administrative decision was mailed. *Nudell v. Forest Preserve District*, 333 Ill. App. 3d 518, 522 (2002), *aff'd*, 207 Ill. 2d at 424. However, citing Supreme Court Rule 11(a), the appellate court in *Nudell* added that "service of the decision on Nudell's attorney, rather than Nudell, was sufficient." *Nudell*, 333 Ill. App. 3d at 522. This statement was

*dicta* and unnecessary to the appellate court's holding in that case and our affirmance thereof. Not only was this statement *dicta*, but the citation to Supreme Court Rule 11(a) can cause confusion, as the appellate court's analysis in this cause aptly demonstrates. We are confident that with our decision today, this type of confusion will dissipate.

Returning to the facts of the present case, plaintiff filed her complaint for administrative review more than 35 days after the commission mailed its decision. Supreme Court Rule 11 had no application prior to plaintiff filing her complaint. Consequently, the circuit court lacked jurisdiction to hear the cause. The court should have granted the commission's motion to dismiss pursuant to section 2–619(a) of the Code of Civil Procedure (735 ILCS 5/2–619(a) (West 2002)) based on lack of subject matter jurisdiction. The appellate court erred in holding to the contrary. Although the circuit court dismissed plaintiff's complaint for a different reason, the reasons given for a judgment or order are not material if the judgment or order itself is correct. *Keck v. Keck*, 56 Ill. 2d 508, 514 (1974). "It is the judgment and not what else may have been said by the lower court that is on appeal to a court of review. [Citations.] The reviewing court is not bound to accept the reasons given by the trial court for its judgment ***." *Material Service Corp. v. Department of Revenue*, 98 Ill. 2d 382, 387 (1983). Rather, a reviewing court "can sustain the decision of the circuit court on any grounds which are called for by the record regardless of whether the circuit court relied on the grounds and regardless of whether the circuit court's reasoning was correct." *Bell v. Louisville & Nashville R.R. Co.*, 106 Ill. 2d 135, 148 (1985). Our disposition of this jurisdictional issue obviates discussion of plaintiff's alternative contention.

## III. CONCLUSION

For the forgoing reasons, the judgment of the appellate court is reversed, and the order of the circuit court of Kane County is affirmed.

*Appellate court judgment reversed;*

*circuit court judgment affirmed.*