NOTICE
Decision filed 07/25/23. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2023 IL App (5th) 220733-U

NO. 5-22-0733

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE
This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

| | | |
|---|---|---|
| GEORGIA HICKS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Pope County. |
| | ) | |
| v. | ) | No. 22-MR-2 |
| | ) | |
| THE POPE COUNTY BOARD OF COMMISSIONERS and THE POPE COUNTY HIGHWAY DEPARTMENT, | ) ) ) | |
| | ) | |
| Defendants-Appellees | ) | |
| | ) | Honorable |
| (Scott A. Trovillion and Scott W. Trovillion, | ) | Joseph M. Leberman, |
| Intervening Defendants-Appellees). | ) | Judge, presiding. |

JUSTICE MOORE delivered the judgment of the court.
Justices Barberis and McHaney concurred in the judgment.

**ORDER**

¶ 1   *Held*:   The judgment of the circuit court is affirmed. The plaintiff forfeited her contention that genuine issues of materal fact precluded summary judgment.

¶ 2   The plaintiff, Georgia Hicks, appeals the November 1, 2022, order of the circuit court of Pope County that granted summary judgment in favor of the intervening defendants, Scott A. Trovillion and Scott W. Trovillion. For the reasons that follow, we affirm the circuit court's order.

¶ 3                              I. BACKGROUND

¶ 4   On April 27, 2022, the plaintiff filed a verified complaint for declaratory judgment against the defendants, the Pope County Board of Commissioners (Board) and the Pope County Highway

1

Department (Department), in the circuit court of Pope County. The plaintiff sought a declaration that she is the owner of the property described in the complaint and that she has an exclusive right to the use of the property located at 89 Hicks Road,[1] Golconda, Illinois.

¶ 5   The complaint alleged that the plaintiff was the owner of property located at 89 Hicks Drive, Golconda, Illinois, and that she had owned the property since 1973. The complaint also contains the legal description of the property at this common address, which is not relevant to this appeal.

¶ 6    The complaint further alleged that the plaintiff received a letter dated March 21, 2022, from the Pope County engineer, W. Brian Ziegler, that stated "if she maintains her driveway as it currently exists, and as it has been for years, that she will be charged with a petty offense and fined pursuant to approval by the Pope County Board of Commissioners." The letter was attached to the complaint as exhibit B and stated, *inter alia*:

> "As we have discussed and I have written to you previously, Hicks Road is a prescriptive public right-of-way per the definition in 605 ILCS 5/2-202. This office, the Pope County Unit Road District, by 605 ILCS 5/9-117 is the highway authority having jurisdiction of said right-of-way. It is our understanding that you or your family caused obstructions to be placed in the Hicks Road right-of-way hindering others from full access to their property, specifically two cattle crossings, fencing immediately adjacent to those cattle crossings, and longitudinal fencing that drastically narrowed the road that was placed after 1989.
>
> ***

---

[1]The plaintiff's verified complaint refers to the route in question both as "89 Hicks Road" and "89 Hicks Drive."

*** Non-removal of the obstructions could result in being charged a petty offense with a minimum fine of $50 to a maximum of $500 for each offense and you could be fined $50 per day for every day that the obstructions are not removed."

¶ 7    On May 27, 2022, Scott A. Trovillion and Scott W. Trovillion filed a motion for leave to intervene in the plaintiff's declaratory judgment action. The Trovillions alleged that they owned real estate on Hicks Road and depended on Hicks Road for ingress and egress to their property. Over the plaintiff's objection, the Trovillions were granted leave to intervene on June 13, 2022.

¶ 8    The matter proceeded with discovery and the circuit court set it for bench trial on September 26, 2022. Said bench trial setting was continued by agreement of the parties.

¶ 9    On October 4, 2022, the intervening defendants filed a motion for summary judgment and a memorandum in support of their motion for summary judgment. Additionally, the intervening defendants filed affidavits from the following individuals in support of the motion for summary judgment: (1) Mitchell R. Garrett—a licensed professional land surveyor, (2) Scott W. Trovillion, (3) Murray Schuchardt, (4) Mike Benard, (5) Tom Taylor, and (6) W. Brian Ziegler—Pope County highway engineer. The defendants, the Board and the Department, joined in the intervening defendants' motion for summary judgment on October 6, 2022.

¶ 10    The motion for summary judgment alleged that there is no genuine issue of material fact that Hicks Road a/k/a Hicks Drive is a public highway pursuant to section 2-202 of the Illinois Highway Code (605 ILCS 5/2-202 (West 2020)), and as such, the plaintiff's complaint for a declaratory judgment requesting a finding that she has the exclusive right to control the route at issue must fail. The intervening defendants rely on the affidavits filed in support of their motion for summary judgment to establish the route in question is a public highway.

¶ 11    The affidavit of Mitchell Garrett stated that he is a licensed professional land surveyor with over 40 years of experience. Garrett's affidavit was supported by approximately 260 pages of exhibits that he relied upon: (1) Pope County Plat Book 2000 (T.13S.-R.6E), (2) Pope County Plat Book 2013 (T.13S.-R.6E), (3) Pope County Plat Book 2018 (T.13S.-R.6E), (4) United States Geological Survey (USGS)—Brownfield 1917 topographical map, (5) USGS—Brownfield 1917—Reprinted 1937 topographical map, (6) USGS—Brownfield 1917—Reprinted 1943 topographical map, (7) Illinois Department of Public Works & Buildings (IDOPWB)—Pope County traffic map 1937, (8) USGS—Brownfield 1962 topographical map, (9) USGS— Brownfield 1962—photo inspected 1976 topographical map, (10) USGS—Waltersburg 1962 topographical map, (11) USGS—Waltersburg 1962—photo inspected 1976 topographical map, (12) IDOPWB—Pope County Highway Map 1964—Revised 1967, (13) Illinois Department of Transportation (IDOT)—Pope County Highway Map 1971, (14) USGS—Paducah, KY-IL 1986 topographical map, (15) USGS—Brownfield 1996 topographical map, and (16) USGS— Waltersburg 1996 topographical map.

¶ 12    Garrett's affidavit stated that "Hicks Drive a/k/a Hicks Road can be identified as County Road (Pope County Highway Department), Township Road 88 (designated by the Illinois Department of Transportation as TR 88)." Garrett stated "TR 88 was in existence as a roadway in 1917" per the USGS Brownfield 1917 topographical map.

¶ 13    Garrett was asked for his professional opinion on whether Hicks Drive was a public highway or a private driveway. His affidavit stated:

    "In my professional opinion based upon my experience, education, and the public documents examined, including information from USGS topographic maps Exhibits 4, 5, 6, 7, 8, 9, 10, 11, 14, 15, and 16 attached hereto, Illinois Department of Public Works Maps

4

Exhibit 7 and 12, IDOT Map attached hereto as Exhibit 13, and relying on the [p]ublished Pope County Plat Books for 2000, 2013, and 2018, and other evidence on the ground, Hicks Drive a/k/a Hicks Road is a public highway pursuant to the relevant statutes, and not a private driveway."

¶ 14    The affidavit of Scott W. Trovillion stated that he had regularly used the entire length of Hicks Drive from the mid-1960s until 2022. He used the route in the mid-1960s to visit his grandparents whose residence was accessed using Hicks Drive. He stated he has used Hicks Drive since the early 1970s for cattle and hay production. His affidavit also listed specific dates that he used Hicks Drive to access property owned by his family, and part of which he now owns, over the course of 2018 through 2022.

¶ 15    The affidavit of Murray Schuchardt was executed on October 3, 2022, and stated that he had regularly used Hicks Drive from 1962 until the present time. He used Hicks Drive to access property for the purposes of hunting, fishing, carpentry, maintenance, and repairs.

¶ 16    The affidavit of Mike Benard stated that he had regularly used Hicks Drive to access property since 1983. He used Hicks Drive for the purpose of mowing and bush hogging land located at the southern end of Hicks Drive from 1983 through 2007. He stated that he also used Hicks Drive when he worked for IDOT and oversaw the addition of gravel and blading of Hicks Drive.

¶ 17    The affidavit of Tom Taylor stated that he had used Hicks Drive to access property since 1978. He stated:

"I worked for Southeastern Illinois Electric Cooperative, Inc. from the [*sic*] 1978 to approximately 2009, where I would use Hicks Drive a/k/a Hicks Road to perform service and maintenance on the power grid and electric line, and emergency power restoration on

5

the properties located along Hicks Drive a/k/a Hicks Road as far south as Scott W. Trovillion's property at the southern end of Hicks Drive a/k/a Hicks Road."

¶ 18    The affidavit of W. Brian Ziegler stated that he was the Pope County highway engineer. Exhibit A to Ziegler's affidavit was the map of road maintained by the "#1 Road District in Pope County, Illinois" as of December 31, 1964. Exhibit B to Ziegler's affidavit was the 1969 "#1 Road District Map." Exhibit C to Ziegler's affidavit was the 1977 "#1 Road District Map." Exhibit D to Ziegler's affidavit was the IDOPWB General Highway Map from 1943.

¶ 19    The plaintiff filed a response to the motion for summary judgment on October 28, 2022. The response alleged there is a material question of fact and law; however, it does not specifically state what the question of fact and question of law purportedly is. The plaintiff attached the answers to interrogatories submitted by the Board and the Department as part of her response to the motion for summary judgment. Additionally, the plaintiff filed her own affidavit in response to the motion for summary judgment.

¶ 20    Hicks's affidavit stated that she has lived at 89 Hicks Drive since 1973. She stated the property was purchased by her late husband from the former owner, Mamie Rexer. The affidavit also stated:

> "6. The current driveway on my property began as a dirt track, put in by the owners of the property in the 1920s, as access to their home and farmland. The dirt track was on properties owned by the Rexer-Walter family who put in the dirt track.
>
> 7. In or about 1928, the State of Illinois made the dirt road running along the Plaintiff's property line, between Section 18 and Section 19, into the paved road now known as Route 146.

6

8. In the 1970s, after purchasing the property, my late husband, Phillip Hicks, and I improved the dirt track into a gravel driveway, and the two of us have maintained that driveway from that time to the present date.

9. My late husband and I have continually graveled the entire 1 1/2 miles of the driveway since it was improved in or about 1973, and have maintained, ditched, graded, installed culverts, trimmed trees, and cleared snow for the entire length of the driveway for the past 49 years.

10. Said driveway travels from Route 146 for one mile to the house in which I reside, and from my house another 1/2 mile to an abandoned house which is the property now owned by the Intervening Defendants.

11. I own the land on either side of this driveway and use the driveway exclusively to access my property.

12. The driveway on my property has been in use exclusively for access to the land owned by the persons using that driveway and has never been a public road or used by the State of Illinois or Pope County as a public road."

The plaintiff's affidavit also stated that she had expended money to maintain Hicks Drive, and that Pope County did not do anything to maintain or improve the driveway in question. Attached as exhibits to plaintiff's affidavit were a photograph of Hicks Road and a plat map showing where Route 146 intersects with Hicks Drive.

¶ 21    A hearing on the motion for summary judgment was held on October 31, 2022. Brief arguments were made by counsel for all parties which highlighted portions of their respective written pleadings.

7

¶ 22    The circuit court of Pope County entered an order via docket entry on October 31, 2022,

granting summary judgment in favor of all of the defendants. The following day, the circuit court

entered an amended order. The amended order used "Hicks Road" in place of "road/driveway"

that was used in the original order. The amended order found:

> "A. There is no genuine issue of material fact as to the existence of the road/drive
>
> known as Hicks Road or as to the fact that Hicks Road was in existence prior to Plaintiff
>
> purchasing her property. Therefore, Intervenors' Motion for Summary Judgment is
>
> Granted.
>
> B. That Hicks Drive is found to be a public roadway of Pope County, Illinois and
>
> not a private drive."

This timely appeal followed.

¶ 23                                   II. ANALYSIS

¶ 24    On appeal, the plaintiff raises one issue:

> "Did the Trial Court err in its ruling granting Summary Judgment on behalf of the
>
> Defendants, Pope County Board of Commissioners and Pope County Highway
>
> Department, and the Intervening Defendants, Scott A. Trovillion and Scott W. Trovillion
>
> in deciding that the Plaintiff's driveway was a public road?"

¶ 25    "We review the trial court's grant of summary judgment *de novo*." *Gulino v. Economy Fire*

*& Casualty Co.*, 2012 IL App (1st) 102429, ¶ 15. The standards governing summary judgment are

as follows:

> "The purpose of summary judgment is not to try a question of fact, but to determine
>
> whether a genuine issue of material facts exists. [Citation.] Summary judgment is proper
>
> where, when viewed in the light most favorable to the nonmoving party, the pleadings,

depositions, admissions, and affidavits on file reveal that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. [Citation.]

Because summary judgment is a drastic means of disposing of litigation, a court must exercise extraordinary diligence in reviewing the record *** [and summary judgment] should only be granted when the right of the moving party is clear and free from doubt." *Northern Illinois Emergency Physicians v. Landau, Omahana & Kopka, Ltd.*, 216 Ill. 2d 294, 305-06 (2005).

¶ 26 The argument section of the plaintiff's brief presents a mixture of fact and conclusory statements with little to no argument and no supporting authority. The only authority presented in support of the plaintiff's argument is boilerplate citations to the standards for granting a motion for summary judgment and the standard of review to be applied on appeal.

¶ 27 The plaintiff's mere allegation that the circuit court's decision was error without any argument or citation to authority falls short of what is required under Illinois Suprem Court Rule 341(h)(7) (eff. Oct. 1, 2020), "which our supreme court has stated is not a mere suggestion, but has the force of law." *In re Marriage of James*, 2018 IL App (2d) 170627, ¶ 37 (citing *Rodriguez v. Sheriff's Merit Comm'n*, 218 Ill. 2d 342, 353 (2006)). We conclude that the plaintiff has forfeited this issue for review.

¶ 28                                III. CONCLUSION

¶ 29 For the foregoing reasons, we affirm the November 1, 2022, amended order of the circuit court of Pope County.

¶ 30 Affirmed.

9