NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted February 8, 2013[*]
Decided February 11, 2013

**Before**

ILANA DIAMOND ROVNER, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 12-2063

| | |
|---|---|
| MERIA IRMA RODRIGUEZ,<br>    *Plaintiff-Appellant,*<br><br>    *v.*<br><br>KANE COUNTY SHERIFF'S MERIT<br>COMMISSION,<br>    *Defendant-Appellee.* | Appeal from the United States District<br>Court for the Northern District of Illinois,<br>Eastern Division.<br><br>No. 08 C 3309<br><br>Gary S. Feinerman,<br>*Judge.* |

**O R D E R**

Meria Rodriguez was fired from her job as a correctional officer in 2003 after the Kane County Merit Commission ("Commission") determined that she lied during the internal investigation of her sexual-harassment report. In this case, Rodriguez contends that the Commission refused to certify her for rehiring four years later in retaliation for two

---

[*] After examining the briefs and record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2)(C).

EEOC charges that she filed in 2004 challenging her discharge. The district court granted summary judgment for the Commission. Because Rodriguez does not present evidence that the retaliation motivated the Commission's decision not to certify her, we affirm.

We construe the facts in the light most favorable to Rodriguez. *See Porter v. City of Chicago*, 700 F.3d 944, 948 (7th Cir. 2012). While working as a correctional officer in 2003, Rodriguez discovered an oddly shaped piece of Styrofoam in a maintenance room. Rodriguez considered the object to be sexually offensive and filled out an incident report, which sparked an internal-affairs investigation. After a two-day hearing, the Commission determined that Rodriguez had lied during the investigation and fired her for dishonesty.

Rodriguez then challenged her termination in various forums. She appealed the Commission's decision to Illinois state court, but her case was dismissed as untimely. *See Rodriguez v. Sheriff's Merit Comm'n of Kane Cnty.*, 843 N.E.2d 379, 386 (Ill. 2006). She also filed two EEOC charges in 2004. The first alleged that the Commission and the Kane County Sheriff's Department fired her in retaliation for EEOC charges that she brought in 2001 and 2002, and because of her sex. The second charge alleged that her union failed to represent her properly in contesting the discharge as retaliation for her prior EEOC charges and because of her sex and Hispanic heritage. After completing the administrative process, Rodriguez sued in federal court, alleging that the Commission and other defendants violated her civil rights by terminating her. The district court dismissed her claims against the Commission on res judicata grounds, a decision that she did not appeal. *See Rodriguez v. Ramsey*, No. 03 C 3930, 2007 WL 141910, at *3–6 (N.D. Ill. Jan. 17, 2007).

About four years after the Commission fired her for dishonesty, Rodriguez reapplied to be a correctional officer in Kane County. Her application was reviewed by the Commission because the Sheriff may hire only those applicants whom the Commission has certified. To become certified, an applicant must meet the nine "eligibility requirements" set out in Article IV, Section 1 of the Commission's rules. The sixth requirement is to "[b]e acceptable to the Commission and/or the Sheriff following investigation of background, reputation, character, and employment records." In addition, to be eligible for hire, an applicant must pass a written test, a physical ability test, and an oral interview.

Rodriguez worked her way through the application process, but the Commission ultimately declined to certify her. At the time of Rodriguez's application, the Commission's policy was to give an application to anyone who requested one. Rodriguez completed an application and passed the physical and written tests. She then interviewed in front of the same three commissioners who had fired her in 2003 and received a passing grade. But the Commission still did not certify her because, the commissioners attest, they believed

Rodriguez had a dishonest character based on the 2003 proceedings. They therefore determined, "following investigation of [her] background, reputation, character, and employment records," that she was not an acceptable candidate.

While Rodriguez was pursuing her application, the Commission changed its rules prospectively. The original rules (in effect when Rodriguez applied) did not say whether the Commission could decline to consider the application of an employee whom it had previously fired. In April 2007, after Rodriguez had taken and passed the interview and tests but a week before the Commission notified Rodriguez that it would not certify her, the Commission amended its rules. The amendment makes explicit that the Commission has discretion to decline to consider applications of candidates whom it had earlier terminated.

Rodriguez sued in federal court, alleging that the Commission refused to certify her in retaliation for the EEOC charges she filed in 2004. *See* 42 U.S.C. § 2000e-3(a). After four months of discovery, the Commission moved for summary judgment, which the district court granted. The court ruled that Rodriguez had not put forward evidence that would allow a reasonable jury to find that the Commission refused to certify her in retaliation for her EEOC charges. Even if Rodriguez had adduced some evidence of a retaliatory motive, the court added, the "Commission would have denied certification regardless" because she had been terminated for dishonesty from the same position just four years earlier.

In addition, at the time it granted summary judgment, the court denied Rodriguez's motion to reopen discovery, which she filed after the Commission moved for summary judgment and ten months after discovery closed. Rodriguez asserted that she learned from family members that the Commission had certified two applicants who had been fired from previous jobs. The court denied the motion because Rodriguez had not supported her contention with affidavits and because she did not assert that the applicants had been fired for dishonesty. Rodriguez later moved to alter or amend the judgment on a similar ground, asserting that she learned about two different officers who had been charged with dishonesty. *See* FED R. CIV. P. 59(e). The court denied this motion because Rodriguez again failed to provide affidavits to support her contention.

On appeal Rodriguez argues that the district court erred in granting the motion for summary judgment. She seeks to overcome summary judgment using the "direct method" of proof, which requires a plaintiff to offer evidence of a causal connection between the plaintiff's protected activity under Title VII and an adverse employment action. *See Coleman v. Donahoe*, 667 F.3d 835, 859 (7th Cir. 2012). The evidence, which can be circumstantial, must allow an inference that Rodriguez's protected activity was a "substantial or motivating factor" in the Commission's refusal to certify her. *Id.* at 860 (internal quotation

marks omitted). Here, Rodriguez argues that her evidence of causation is that the Commission wrongly fired her in 2003 for dishonesty; therefore, by relying on that discharge to refuse to rehire her four years later, the Commission is retaliating. But the premise of her argument—that the 2003 termination was wrong—requires a collateral challenge to the discharge. A federal district court has already rejected one such challenge after the Illinois Supreme Court concluded that her first challenge in state court was untimely. Because she has already lost two lawsuits in which she claimed that her termination was unfair, Rodriguez is precluded from making the same argument in yet another lawsuit. *See Garcia v. Village of Mount Prospect*, 360 F.3d 630, 634–39 (7th Cir. 2004); *Brzostowski v. Laidlaw Waste Sys., Inc.*, 49 F.3d 337, 338–39 (7th Cir. 1995).

Rodriguez also contends that the Commission's decision to amend its rules while her application was pending is circumstantial evidence of retaliation. Even though the amendment gave the Commission discretion to refuse to consider applications of fired workers, the Commission adduced unrebutted evidence that it did not apply the new rule to Rodriguez. Instead, it considered her application by allowing her to proceed through the entire application process, including the written exam, physical exam, and interview. The Commission ultimately declined to certify her based on a rule—in effect before, during, and after Rodriguez's application—that required an applicant to be acceptable to the Commission "following investigation of background, reputation, character, and employment records." Thus, because the rule change had no effect on her application, it could not support an inference that the Commission used it to retaliate against her.

Rodriguez's other arguments in support of overturning summary judgment do not warrant extensive discussion. Rodriguez asserts that the Commission treated other similarly situated applicants better, but there is no record evidence that the Commission fired any other corrections officers for dishonesty and then later certified them for rehire. *See Anderson v. Donahoe*, 699 F.3d 989, 996–97 (7th Cir. 2012). She also asserts that the Commission knew that the newly elected Sheriff would have hired her if the Commission had certified her. But Rodriguez does not explain how this fact shows that the Commission's decision not to certify was therefore retaliatory.

Finally, Rodriguez argues that the district court should have granted her motion to reopen discovery to allow her more time to get information about two correctional officers whom, she learned from family members, the Commission certified after they had been fired from previous jobs. The district court appropriately rejected this request because Rodriguez did not back up her assertion with an affidavit. *See* FED R. CIV. P. 56(d); *First Nat'l Bank & Trust Corp. v. Am. Eurocopter Corp.*, 378 F.3d 682, 694 (7th Cir. 2004). The court denied Rodriguez's motion to alter or amend the judgment for the same reason, even

though Rodriguez knew from the court's earlier decision that she needed an affidavit. For completeness's sake, we also note that Rodriguez had ample time and opportunity during the four-month discovery period to ask the Commission to identify correctional officers it had certified even though they had previously been fired. Contrary to Rodriguez's contention, the Commission did not violate Rule 26 by failing to identify these officers without her asking about them. It had an affirmative obligation only to disclose information it sought to use in its defense. FED R. CIV. P. 26(a)(1)(A)(i)–(ii). If Rodriguez wanted additional information to use in her case, she needed to ask for it during discovery.

**AFFIRMED**.