2022 IL App (1st) 210215-U

No. 1-21-0215

Order filed August 12, 2022

Sixth Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| DAVID KING, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Cook County. |
| | ) | |
| v. | ) | |
| | ) | |
| THE DEPARTMENT OF EMPLOYMENT SECURITY, | ) | |
| DIRECTOR OF EMPLOYMENT SECURITY, THE | ) | |
| BOARD OF REVIEW, and GROSSINGER CITY AUTO | ) | No. 20 L 50144 |
| CORP. c/o CARLA SHOTKE, | ) | |
| | ) | |
| Defendants | ) | |
| | ) | |
| (The Department of Employment Security, Director of | ) | |
| Employment Security, and The Board of Review, | ) | Honorable |
| | ) | John J. Curry, Jr. |
| Defendants-Appellees). | ) | Judge, presiding |

JUSTICE ODEN JOHNSON delivered the judgment of the court.
Justices Mikva and Mitchell concurred in the judgment.

**ORDER**

¶ 1    *Held*: We affirm the circuit court's dismissal of plaintiff's untimely complaint for administrative review where he filed the complaint more than 35 days after the Board mailed its final decision.

¶ 2    Plaintiff David King appeals *pro se* from an order of the circuit court granting the Board of Review (Board) of the Illinois Department of Employment Security's (IDES) motion to dismiss his complaint for administrative review, which he filed more than 35 days after the Board's final decision was served on him. We affirm.

¶ 3    The record on appeal does not contain a report of the administrative or circuit court proceedings. The following facts are gleaned from the short common law record, which contains the Board's decision, plaintiff's *pro se* complaint for administrative review, the Board's motion to dismiss, and the circuit court's order dismissing plaintiff's appeal.

¶ 4    The Board's January 9, 2020, decision stated that plaintiff appealed to the Board from an October 3, 2019, referee's decision upholding a claims adjudicator's finding that plaintiff was ineligible for unemployment insurance benefits. The Board noted that the record disclosed that the referee's decision was mailed to plaintiff on October 3, 2019, with a notice setting forth his right to appeal to the Board within 30 days. Thus, his appeal was due on November 4, 2019. However, plaintiff did not file his appeal until November 13, 2019.

¶ 5    The Board noted that its jurisdiction was limited by section 801(A) of the Unemployment Insurance Act (Act) (820 ILCS 405/801(A) (West 2018)), which states that a referee's decision shall become final unless it is appealed to the Board within 30 days of the date of mailing. The Board concluded that it lacked jurisdiction because plaintiff did not file a timely appeal and, therefore, dismissed the appeal. The Board informed plaintiff that, to appeal the Board's decision, he must file a complaint for administrative review in the circuit court within 35 days from the date

the Board's decision was mailed. The Board's decision was mailed on January 9, 2020, to plaintiff's address of record on Monterey Avenue in Lynwood, Illinois.

¶ 6 On March 3, 2020, plaintiff filed a *pro se* complaint for administrative review in the circuit court of Cook County.

¶ 7 On April 17, 2020, defendants IDES, the Director of Employment Security, and the Board filed a motion to dismiss plaintiff's complaint under section 2-619(a)(5) of the Code of Civil Procedure (Code) (735 ILCS 5/2-619(a)(5) (West 2020)). Defendants contended that because plaintiff filed his complaint for administrative review 19 days after the statutory deadline, the circuit court lacked jurisdiction to consider the complaint. According to the motion, the Board mailed its decision to plaintiff as his last known address, the Monterey Avenue address on the envelope in which he mailed his appeal to the Board. On January 19, 2020, 10 days after the Board mailed its decision, plaintiff filed a change of address form with IDES, updating his address to a residence on Elizabeth Street in Lynwood, Illinois.

¶ 8 Defendants attached the Board's decision. It also attached plaintiff's appeal to the Board and the envelope in which it was sent, a screenshot depicting IDES records of plaintiff's address, an address change verification notice mailed by IDES to plaintiff on January 27, 2020, at the address on Monterey, asserting that "[a]ll future correspondence will be sent to the new address" on Elizabeth, and the certificate of the Acting Commissioner of Unemployment Compensation certifying to the accuracy of these materials.

¶ 9 On February 3, 2021, the circuit court dismissed plaintiff's appeal in a form order. The record does not contain a report of proceedings, and the order does not state the court's reasoning. Plaintiff did not file a post judgment motion.

¶ 10     On appeal, plaintiff raises complaints regarding the scheduling of proceedings in the circuit court and addresses his reasons for leaving his place of employment. For the reasons that follow, however, we cannot reach defendant's argument on the merits because the circuit court properly determined that it lacked jurisdiction.

¶ 11     First, we note that plaintiff's brief fails to comply with the requirements of Illinois Supreme Court Rule 341 (eff. Oct. 1, 2020), which governs the content of appellate briefs. For example, his brief does not contain a "Points and Authorities" statement (see Ill. S. Ct. R. 341(h)(1) (eff. Oct. 1, 2020)), any statement of jurisdiction (see Ill. S. Ct. R. 341(h)(4) (eff. Oct. 1, 2020)), or an argument section containing citations to the record or to legal authority supporting his claims (see Ill. S. Ct. R. 341(h)(7) (eff. Oct. 1, 2020)).

¶ 12     A reviewing court is entitled to have briefs submitted that present an organized and coherent legal argument in accordance with the supreme court rules. *Twardowski v. Holiday Hospitality Franchising, Inc.*, 321 Ill. App. 3d 509, 511 (2001). A party's status as a *pro se* litigant does not relieve him of the obligation to comply with the applicable appellate practice rules. *Fryzel v. Miller*, 2014 IL App (1st) 120597, ¶ 26. The supreme court rules are not suggestions, and we may strike a brief or dismiss an appeal where the appellant's brief does not comply with Rule 341's requirements. *Epstein v. Davis*, 2017 IL App (1st) 170605, ¶ 22. In this case, however, we have the benefit of a cogent appellee's brief, and therefore we decline to dismiss the appeal on this basis. See *North Community Bank v. 17011 South Park Ave., LLC*, 2015 IL App (1st) 133672, ¶ 14 (reviewing merits of the appeal despite appellant's numerous violations of Supreme Court Rule 341(h)).

¶ 13    When a party moves to dismiss under section 2-619 of the Code (735 ILCS 5/2-619 (West 2020)), that party admits the legal sufficiency of the complaint but asserts an affirmative defense or other matter which defeats the plaintiff's claim. *Twyman v. Department of Employment Security*, 2017 IL App (1st) 162367, ¶ 20. Here, defendants moved to dismiss where the action "was not commenced within the time limited by law." 735 ILCS 5/2-619(a)(5) (West 2020). Our review of the section 2-619 dismissal of a plaintiff's complaint is *de novo. Twyman*, 2017 IL App (1st) 162367, ¶ 20.

¶ 14    Under the Act, any decision by the Board shall be reviewable by the circuit court in accordance with the provisions of the Administrative Review Law. 820 ILCS 405/1100 (West 2020). The Administrative Review Law mandates that review of an administrative decision shall be commenced by the filing of a complaint "within 35 days from the date that a copy of the decision sought to be reviewed was served upon the party affected by the decision." 735 ILCS 5/3-103 (West 2020). The 35-day period commences on the date that the decision was mailed. *Nudell v. Forest Preserve District of Cook County*, 207 Ill. 2d 409, 424 (2003). The final decision of the Board is to be mailed to "the last known address" of the appellant. 820 ILCS 405/804 (West 2020); 56 Ill. Admin. Code §2720.5(a).

¶ 15    Here, the record establishes that the Board mailed its decision to plaintiff at his last known address on Monterey Avenue on January 9, 2020. Plaintiff filed his complaint for administrative review on March 3, 2020, 54 days later. Plaintiff filed a change of address form on January 19, 2020, 10 days after the Board mailed its decision, and does not assert that he did not receive the Board's decision at his previous address. The 35-day period for filing a complaint for administrative review, as noted, is a jurisdictional requirement. *Rodriguez v. Sheriff's Merit*

*Comm'n of Kane County*, 218 Ill. 2d 342, 350-51 (2006). Thus, the circuit court had no jurisdiction to consider the untimely complaint and properly dismissed the action. See *Nudell*, 207 Ill. 2d at 423.

¶ 16     For the foregoing reasons, we affirm the judgment of the circuit court of Cook County.

¶ 17     Affirmed.